## Herman Berghoff Brewing Co. and Frank Loseniecki v. Joan Przbylski.

1. PRACTICE—*Arrest of Judgment After Verdict.*—After verdict, on a motion in arrest of judgment, the court will presume that every material fact alleged in the declaration, or fairly inferable from what is alleged, was proved on the trial.

2. SAME—*Question of Joint and Several Liability.*—Under the declaration and facts in this case, the question as to joint liability was properly preserved by the motion in arrest of judgment, and is before the Appellate Court upon a proper assignment of error.

3. MASTER AND SERVANT—*Joint Liability.*—A judgment can not be sustained againt the master and servant jointly in a case where the master is liable only upon the doctrine of *respondeat superior*. The act of a servant is not the act of the master unless the act complained of is directed or adopted by the master.

**Action in Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Verdict

and judgment for plaintiff; appeal by defendants. Heard in the Branch Appellate Court at the March term, 1899. Reversed and remanded. Mr. Justice Shepard dissenting. Opinion filed May 2, 1899.

Fitch & Duha, attorneys for appellants.

If a declaration omits to allege any substantive fact which is essential to a right of action, and which is not implied in, or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect. Bowman v. The People, 114 Ill. 474; Ayers v. The City of Chicago, 111 Ill. 406.

If a declaration be so defective that it will not sustain a judgment, that may be taken advantage of on a motion in arrest of judgment or on error. Kipp v. Lichtenstein, 79 Ill. 358.

An action for a tort against several defendants can not be maintained where in legal contemplation the act complained of could not have been committed by several persons, but could only be considered a tort of each; in such case a separate action against the actual misdoer only, or against each separately, must be brought. Blake v. City of Pontiac, 49 Ill. App. 544.

Where a master is made liable for the negligent act of his servant, solely upon the ground of the relationship between them, under the doctrine of *respondeat superior*, and not by reason of any personal share in the negligent or wrongful act, by his presence or express direction, he is liable severally only, and not jointly with the servant. Warax v. Cincinnati, N. O. & T. R. R., 72 Fed. Rep. 637; Landers v. Felton, 73 Fed. Rep. 311.

The rule is that when the employe is exercising a distinct and independent employment and is not under the immediate control, direction or supervision of the employer, the latter is not responsible for the negligence or carelessness of the employe. Wadsworth H. Co. v. Foster, 50 Ill. App. 514; Hale v. Johnson, 80 Ill. 185; Wadsworth H. Co. v. Foster, 168 Ill. 514; Arasmith v. Temple, 11 Brad. 39.

John F. Waters, attorney for appellee.

A servant is personally liable to a third person for negligently driving the master's horses or carriage over him, even though the master is also liable. Shearman & Redfield on Negligence (3d Ed.), Par. 112, page 143. Citing Phelps v. Waite, 30 N. Y. 78; Montforte v. Hughes, 3 E. D. Smith, 591; Wright v. Wilcox, 19 Wend. 343; Hewett v. Swift, 3 Allen, 420.

Every one, whether he is principal or agent, is responsible directly to persons injured by his own negligence in fulfilling obligations resting upon him in his individual character. These obligations are those which the law imposes upon all persons, independent of contract. No man increases or diminishes his obligations to strangers by becoming an agent; but if in the course of his agency he comes in contact with the person or property of a stranger he is liable for any injury he may do to either by his negligence, in respect to duties imposed by law upon him in common with all other men. Shearman & Redfield on Negligence (3d Ed.), page 143, Par. 112, and authorities there cited.

If a person commit an unlawful act under the direction of another, that fact will not shield him from responsibility, but both are equally liable to the injured party. Johnson v. Barber, 5 Gilm. 425.

One who superintends gratuitously work done on the land of another, and through whose negligence, as well as that of the other, damage is done to a third person by the work, is liable jointly with the other person therefor. Hawkesworth v. Thompson, 98 Mass. 77.

The rule of law is that all who contribute to a tort, even by their wills alone, and especially, therefore, all who contribute by their acts, even though in an inferior degree, are, whether they are personally present or absent at the doing, liable to the person injured, each for the entire damage. K. S. & R. R. Co. et al. v. Horan, 131 Ill. 300. Citing Bishop's Non-Contract Law, Sec. 522.

Where the injury is the result of the joint operations of negligence of several parties, either party to this negligence may be made answerable for the entire injury. All who

contribute to a tort are liable to the person injured, each for the entire damage, and it can not be apportioned. L. E. W. R. R. Co. v. Middlecoff, 150 Ill. 37.

If several are jointly bound to perform a duty, they will be jointly and severally liable for omitting to perform, or having performed negligently. The law treats all torts as several as well as joint; and the injured party may, at his election, sue all the partners, or joint tort-feasors, or any one or more of them for the tort. The rule is not confined to partnerships, but extends to all cases of joint torts, at the common law, whether positive or constructive. Wis. Cen. R. R. Co. v. Ross, 142 Ill. 9.

In a case of several tort-feasors the party injured may, at his election, sue one, or several, or all; when the suit is against one or some of them, but not against all, the person or persons sued have no right to complain. City of Chicago v. Babcock, 143 Ill. 359. See also Fisher v. Cook, 125 Ill. 280; Winslow v. Newlan, 45 Ill. 145; W. St. L. & P. R. R. Co. v. Schacklet, Adm'x, 105 Ill. 364.

MR. JUSTICE HORTON delivered the opinion of the court.

A rehearing was granted in this cause. Although we have arrived at the same conclusion as upon the original hearing, this opinion is filed in lieu of the statement and opinion heretofore filed in said cause, which are withdrawn.

This is an appeal from the Superior Court prosecuted to reverse a judgment against appellants in favor of appellee for $6,250 and costs in an action of trespass on the case for personal injuries.

September 6, 1895, appellee, a little boy then about six years old, in company with another boy, was playing with a toy wagon on George street, Chicago. While so playing appellee was run over by a team of horses hitched to a wagon belonging to the appellant Brewing Company. The appellant Loseniecki was alone upon the wagon and was driving the team. The appellee was very seriously injured and no question is now considered as to the amount of the verdict.

It is contended on behalf of appellants that under the

Herman Berghoff Brewing Co. v. Przbylski.

pleadings, record and testimony in this case a joint judgment against the appellants can not be sustained.

This position is most strenuously contested on behalf of appellee. And it is also contended on behalf of appellee that this question was not raised in the trial court and that, therefore, it can not be considered by this court.

The declaration contains two counts. In the commencement both the appellants are named as defendants. Aside from the proper averments that appellee was injured while exercising due care and caution, etc., it is averred in the first count that the Brewing Company " was then and there possessed of a certain wagon drawn by horses, which wagon and horses were then and there under the care, management and direction of a certain servant" of the Brewing Company, "namely, Frank Loseniecki, who was then and there driving the same," and that the Brewing Company, "then and there by its said servant, the said defendant Frank Loseniecki, so carelessly and improperly drove and managed the said horses and wagon that by and through the negligence and improper conduct of defendants in that behalf" appellee was run over and greatly injured.

In the second count it is averred that the Brewing Company was possessed of the wagon and horses which " were then and there under the care, management and direction of a certain servant of the defendant, who was then and there driving the same along and upon said George street," and the "defendant then and there, by its said servant, so carelessly and improperly drove, managed and directed the said horses and wagon, that by and through the negligence and improper conduct of said defendant, by its said servant in that behalf," appellee was run over and injured.

There is no averment or claim that there was any person present representing the Brewing Company, or that the Brewing Company is in any manner at fault or liable for the injury to appellee, otherwise than by reason of the conduct of Loseniecki as its servant. Therefore, if the appellant company is liable in this case, it is upon the doctrine of *respondeat superior.*

We shall first consider whether the question of joint liability is now properly before this court for determination.

Appellants moved in arrest of judgment. If a declaration be defective, it is in some cases cured by verdict. If the defect be such that it is cured by verdict, then it will not be preserved by motion in arrest.

The attorney for appellee, in discussing this question, cites Callaway v. Walters, 63 Ill. App. 570–71. He quotes, or purports to, the conclusion in that case upon this point, which is as follows, viz.:

" The objection, the appellants are not jointly liable, was not made in the trial court, and can not be first raised here. The judgment being against Callaway as receiver, and against Kemp as an individual, and awarding general execution against both, is an anomaly. But a misjoinder, and the consequence thereto, if the plaintiff should succeed, was not suggested in the lower court by demurrer or plea in the motion for a new trial, *or by motion in arrest*, or otherwise, and the irregularity of the judgment is not specifically assigned for error in this court."

In the case at bar there were motions in arrest, and there is an assignment of error in this court, based upon the overruling of the motions which were made by each of the appellants severally.

In making this quotation, the attorney for appellee, in his petition for rehearing, omits the words " or by motion in arrest " which appear above in italics. Although important, this may have been an accidental omission.

" If several persons are sued, and in point of law the tort could not be joint, they *may* demur, or *move in arrest* of judgment *after verdict.*" Yeazel v. Alexander, 58 Ill. 254, 261.

The rule is that a verdict will never assist a statement of a defective cause of action. Barnes v. Brookman, 107 Ill. 317, 322; W. C. St. R. R. Co. v. John Mark, 82 Ill. App. 185.

" Where a declaration does not state a complete cause of action, the defect may be taken advantage of after verdict by motion in arrest of judgment. * * * After verdict, on a motion in arrest of judgment, the court will intend

that every material fact alleged in the declaration, or fairly inferable from what is alleged, was proved on the trial (Addington v. Allen, 11 Wend. 375). After verdict, judgment will not be arrested for any defect in the declaration which, by reasonable intendment, must be considered to have been proved." Cribben v. Callaghan, 156 Ill. 552.

For the purpose of this question, it is assumed that every allegation in the declaration and all that may be fairly inferred from what is alleged, was proved at the trial. Still a complete cause of action is not established thereby if appellants are not jointly liable for the injury complained of. We are of opinion that the question of the joint liability of appellants is properly before us for consideration. City of Peoria v. Simpson, 110 Ill. 294, 300.

The question then recurs, are appellants jointly liable for the damages resulting from the injury complained of?

Upon this question there is a sharp conflict between the decisions of courts in different States, and between the Federal courts and the courts in some of the States.

Owing to the importance of this question in practice, and the fact that we can not concur in an opinion by the Appellate Court of this district, we feel constrained to review the authorities somewhat at length.

In Parsons v. Winchell, 5 Cush. 592, it was held that a master is not jointly liable with a servant for an injury occasioned by the negligence of the servant. This case, decided in 1850, seems to be a leading case upon this question, and is very frequently cited.

In that case, like the case at bar, one of the defendants was driving a pair of horses belonging to the other defendants. By reason of the negligence of the driver the plaintiff was injured. Suit was brought by the injured party against the owners and the driver of the horses jointly.

The court says:

" To maintain an action against two or more jointly, the plaintiff must show a joint cause of action. * * * It is said in Hammond on Parties, 77, that where a sheriff's bailiff, or a careless servant, is liable for causing a breach of duty, he can not be charged jointly with his superior, since the grounds of their liability are different."

In an opinion by Mr. Chief Justice Gray, now one of the justices of the Supreme Court of the United States, rendered in October, 1878, the Parsons case was approved. Mulchey v. Methodist Religious Soc., 125 Mass. 489–90.

The court, Gray, Ch. J., said:

" But the jury should have been instructed, as requested by the defendants, that this action, being in the nature of an action on the case, could not be sustained against both the society and its agents. If there was any negligence in the agents, Barber and Sleeper, for which they could be held liable, their principal, the society, would be responsible, not as if the negligence had been its own, but because the law made it answerable for the acts of its agents. Such negligence would be neither in fact nor in legal intendment the joint act of the principal and of the agents, and therefore both could not be jointly sued. It is not like the case of a willful injury done by an agent by the command or authority of his principal, in which both are in law principal trespassers, and, therefore, liable jointly. Parsons v. Winchell, 5 Cush. 592; Hewett v. Swift, 3 Allen, 420; Holmes v. Wakefield, 12 Allen, 580."

In Page v. Parker, 40 N. H. 47, it was held that an action on the case for a tort, in the nature of a conspiracy, could not be maintained jointly against a principal and his agent for the unauthorized fraudulent acts and representations of the agent done in the former's absence. The court said (p. 68):

In an action *ex delicto*, the act complained of must be the joint act of all the defendants, either in fact or in legal intendment and effect. But the act of a servant or agent is not the act of the master or principal, even in legal intendment or effect, unless the master or principal previously directs or subsequently adopts and ratifies it. Parsons v. Winchell, 5 Cush. 593."

The following cases sustain the principle that master and servant are not jointly liable for injuries arising only by reason of the negligence of the servant. Campbell v. Portland Sugar Co., 62 Me. 552, 566; Sellick v. Hall, 47 Conn. 260, 273–4; Clark v. Fry, 8 Ohio St. 358, 377–8.

In Warwax v. Cin., N. O. & T. P. Ry. Co., 72 Fed. Rep. 637, Judge Taft reviews a large number of cases, including

those hereinafter referred to and cited by appellee in this court. That was a case brought by a party injured by reason of the negligence of an engineer, against the railroad company and the engineer jointly. The following statement in the syllabus is fully sustained by the opinion, viz.:

" When a master is made liable for the negligent or wrongful act of his servant solely upon the ground of the relationship between them, under the doctrine of *respondeat superior*, and not by reason of any personal share in the negligent or wrongful act, by his presence or express direction, he is liable severally only, and not jointly with the servant."

On page 643 the court says :

" It will thus be seen that the master is not held on any theory that he personally interferes to cause the injury. It is simply on the ground of public policy, which requires that he shall be held responsible for the acts of those whom he employs, done in and about his business, even though such acts are directly in conflict with his orders which he has given them on the subject. The liability of the servant, on the other hand, arises wholly because of his personal act in doing the wrong. It does not grow out of the relation of master and servant, and does not exist at all, unless it would also exist for the same act when committed, not as the servant but as the principal. Liabilities created on two such wholly different grounds can not and ought not to be joint."

And again, on p. 647, is this statement by the court :

" On principle we have no hesitation in taking the view so logically upheld by the Massachusetts courts, and in deciding that a suit against a principal and the agent, for the mere negligence of the servant, in the absence of the principal, is a misjoinder, and that the causes of action are not joint but several. * * * The engineer in this case was improperly joined as a defendant with the railway company."

Gableman v. Peoria, D. & E. Ry. Co. et al., 82 Fed. Rep. 790 (Oct. 21, 1897), was a suit against a receiver operating a railroad, and one of his engineers jointly. It was to recover damages for injuries caused by the negligence of the engineer. The opinion by Baker, J., in the Circuit

Court for the District of Indiana, fully sustains this statement in the syllabus, viz.:

" A cause of action growing out of the negligence of a servant while engaged in his master's business, is not a joint cause of action in tort against the master and servant."

The same rule is stated in Beuttel v. C., M. & St. P. Ry. Co., 26 Fed. Rep. 50, 54; Cir. Ct., N. D. Iowa, Nov. T., '85; Hukill v. Ry. Co., 72 Fed. Rep. 745; Cir. Ct. Dist. Ky., 1896; Landers v. Felton, 73 Fed. Rep. 311; Hartshorn v. A., T. & S. F. Ry. Co., 77 Fed. Rep. 9; Cir. Ct., W. D. Mo., Nov. 27, 1896; 1 Chitty Pl., 16 Am. Ed., Sec. 91, note d., 1.

And now to the cases cited as holding the opposite rule.

In Greenberg v. Whitcomb Lumber Co. and Parlan Semple, 90 Wis. 225, the defendants were sued jointly. To the complaint the defendants each interposed a separate demurrer. Under the averments in the complaint both of the defendants were principals, and the case was in the Supreme Court only upon demurrers thereto. Some expressions in the opinion support the contention of appellant. But when the question which the court had before it is examined, it will appear that this case is hardly in point.

In Martin v. L. & N. R. R. Co., 95 Ky. 612, it is held that a railroad company is liable for injuries caused by the negligence of one of its engineers. There is no discussion of the question in the opinion. The court merely announces its conclusion, and cites no authorities to support it. The only authority cited in the case upon this question is by the attorney for the plaintiff below, who cites Shearman and Redfield on Negligence, Sec. 244, in support of his statement that "Robinson, the negligent engineer, is jointly liable, and may be jointly sued." The court seems to have acted upon this as being the law. The report of this case does not show that the engineer or the railroad company by which he was employed appeared or were represented. Turning to the section cited we find that it does not contain a word in support of the attorney's position as to joint liability. The title of the chapter is "Liability of Servants," and the section referred to simply states that a servant is

liable to a third person for a tortious negligence.  There is not a word there as to joint liability.

The case of Wright v. Wilcox, 19 Wend. 343, is one in which a pair of horses attached to a wagon were being driven by a servant of the owner.  The suit is against the owner and the servant jointly.  In the court below a judgment was entered against both.  That judgment was reversed by the (then) Supreme Court of Judicature, for the reason that the act of the servant was willful, and not merely negligent, holding that the principal is not liable for the willful acts of his servant.

Cowen, J., speaking for the court, said :  " In a case of strict negligence by a servant while employed in the service of his master, I see no reason why an action will not lie against both jointly."  This was, however, only *dicta*.  The case was decided squarely upon the fact that the injury complained of was the result of willful trespass by the servant, and therefore not " a case of strict negligence."

In Phelps v. Waite, 30 N. Y. 78, the case in 19 Wend. is cited, and it is there held that the principal and agent are jointly liable for an injury resulting from the negligence of the agent.  The opinion is very short, and the question is not discussed upon principle.  Hogeboom, J., says in his opinion :  " I have been unable, after a somewhat diligent examination, to find any reported case holding a different doctrine."  That was fourteen years after the case of Parsons v. Winchell, *supra*, which has probably been cited more than any other case upon this question.

While the case of Wright v. Compton, 53 Ind. 337, may seem from the syllabus to sustain appellee's contention, yet in the case, as reported, it is difficult to determine whether, upon the question under consideration, it is in point.  The plaintiff, while passing along a public highway, was injured by fragments of stone which were thrown upon him by blasting in an adjacent stone quarry.  The suit was brought against four defendants.  The complaint says that the defendant Wright " had employed and engaged at work " the other defendants to dig and remove stone, etc.  Plaint-

iff afterward dismissed his action as against two of the defendants. The remaining two defendants demurred to the complaint, "alleging as cause of demurrer the insuffi-ciency of the facts averred to entitle the appellee (the plaint-iff) to recover." The demurrers were overruled. There-upon "an answer in three paragraphs was filed, the second and third of which were struck out on motion, leaving the sole issue of the case on the general denial." What the para-graphs were which were stricken out is not stated.

There is nothing further in the case from which to deter-mine what the relation was between the two remaining defendants. It may be that the remaining defendant, Brackney, was liable as principal with the owner, Wright. It would seem that his responsibility was different from that of the two defendants who were dismissed out of the case, or the case would have been dismissed as to him also.

There is no discussion by the court as to what the rela-tions were between the two defendants, or as to their joint liability, or upon what theory they were held to be jointly liable, and the facts established by the testimony do not appear. The court says, "That the servant is also liable for his own carelessness and negligence, and that the master and servant may be joined in the same action, are principles well settled." There is no argument or reason-ing by the court upon this point, and no authority cited.

In Johnson v. Magnusson, 68 Ill. App. 448, it is held that the master and servant are jointly liable in a case like the one at bar. It is there stated that "the old law, correctly laid down in Parsons v. Winchell, 5 Cush. 592, is not now applicable." The reason assigned is that the distinction between trespass and trespass on the case has been abolished in this State. Rev. Stat., Ch. 110, Sec. 22.

This case definitely sustains the doctrine that master and servant are not jointly liable for injuries resulting from the negligence of the servant unless that rule is changed by the statute referred to. Is the rule thereby changed? That statute does not change the cause of action, nor increase or diminish or change the liability of a party. The rights of

parties are not thereby changed, but the form of action only. If these appellants may be held jointly liable in an action of trespass on the case, they may also be held to be jointly liable in trespass.

They can be held liable jointly only upon the theory that they are joint *tort-feasors* or joint wrongdoers. Joint *tort-feasors* means two or more persons who commit a tort. But the Brewing Company did not commit a tort. It is by law made liable (if it be liable) for the consequences of a tort committed by another. Two persons can not be held to be joint *tort-feasors* or joint wrongdoers unless they authorized, or directed, or were jointly engaged in the commission of the tort or the perpetration of the wrong. But this case does not seem to be in harmony with holdings of the Supreme Court of this State, or other cases in the Appellate Courts of the State.

In Blalock v. Randall, 76 Ill. 224, 228, it is held that the statute does away with the technical distinction between trespass and trespass on the case, but does not affect the substantial rights and liabilities of parties, so as to operate to give any other remedy for acts done than before existed. And it was there held that trespass would not lie for an act done under legal process, but that case only would lie. The same rule is restated in Bassett v. Bratton, 86 Ill. 155.

In St. L., V. & T. H. R. R. Co. v. Town of Summit, 3 Ill. App. 160, the same rule is applied in an action of trespass *quare clausum fregit.* The court there remarks that "The change goes only to the matter of the form of the action, and does not change substantial rights and liabilities." Lowry v. Hately, 30 Ill. App. 298; Wilmerton v. Sample, 42 Ill. App. 257.

The case of City of Peoria v. Simpson, *ante,* 110 Ill. 294, is a case in which it was sought to hold the owner of certain premises and the city of Peoria jointly liable. The court, in discussing the question of joint liability (p. 301), states the rule to be as follows, viz.:

" Undoubtedly the rule is, for separate acts of trespass separately done, or for positive acts negligently done, although

a single injury is inflicted, the parties can not be jointly held liable to the party injured. If there is no concert of action—no common intent—there is no joint liability."

In the case at bar there is no concert of action—no common intent—by or on the part of appellants.

The Supreme Court, having thus stated the rule as to when there is no joint liability, then states the rule as to when there is joint liability, as follows, viz.:

"But a different principle applies where the injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them. In such cases the party injured may have his election to sue all the parties owing the common duty, or each separately, treating the liability as joint or separate."

Appellants can not be brought within the latter rule. There was no common duty owing by them to appellee. If liable at all, then, as against the appellant Brewing Company, it is, by operation of law, upon the doctrine of *respondeat superior*, and as against the other appellant for his direct personal act. As to the former, it would be an action in trespass on the case, and as to the latter, an action of trespass.

A judgment can not be sustained against the master and servant jointly in a case where the master is liable only upon the doctrine of *respondeat superior*. The act of a servant is not the act of the master unless the act complained of is directed or adopted by the master. The master is not liable as if he had done the act himself, but because it is the policy of the law to protect the public by making him liable for the negligent acts of his servant, while the servant is acting within the scope of his employment. It is believed that this has been most generally held to be the law since it was so clearly stated by Lord Kenyon, C. J., in McManus v. Crickett, 1 East, 106.

Under the declaration and facts in this case, the question as to joint liability was properly preserved by motion in arrest of judgment, and is before this court upon proper assignment of error. Appellants are not jointly liable to appellee for the injury complained of.

The judgment of the trial court must be reversed and the cause remanded. Appellee should be permitted to amend his declaration or to dismiss his suit as to either one of appellants, as he may elect. Reversed and remanded.

MR. JUSTICE SHEPARD: I think I will adhere to Johnson v. Magnusson, 68 Ill. App. 448, supported as it is, by some of the authorities referred to in the foregoing opinion.