### Christian J. W. McNemar, et al., v. Philip Cohn.

1. PRAIRIE FIRES—*scope of statute pertaining to.* Section 18 of chapter 38, which prohibits the starting of prairie fires, was enacted with respect to the conditions which existed in Illinois in 1819, and does not apply to a small fire kindled back of one's building for the purpose of destroying rubbish.

2. AGENCY—*what does not establish, as between husband and wife.* Proof of such agency does not arise (even *prima facie*) from the fact of the matrimonial tie, nor from the declarations of the alleged agent.

3. MASTER AND SERVANT—*when, cannot be jointly sued.* A master and his servant cannot be jointly sued because of the tortious act of the servant, for which the master, by reason of the doctrine of *respondeat superior*, is liable.

4. STATUTES—*how, construed.* Statutes which are in derogation of the common law should be strictly construed.

5. HUSBAND—*when, liable for torts of his wife.* Where the wife acts as the agent of her husband and is negligent while in the performance of her duties, to the injury of a third person, her husband, notwithstanding section 4 of the Husband and Wife Act, is liable therefor.

Action on the case. Appeal from the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the November term, 1903. Affirmed. Opinion filed June 28, 1904.

Ewing & Ewing and John F. Wight, for appellants.

Barry & Morrissey, for appellee.

Mr. Justice Gest delivered the opinion of the court.

Appellants were plaintiffs below in an action of trespass on the case. The suit was brought against appellee and Lilla Cohn, his wife. At the close of the evidence on the part of plaintiffs they dismissed their suit as to the defendant Lilla Cohn, and thereupon on motion of defendant Philip Cohn, the court directed the jury to find for the defendant, which was done, and judgment entered against the plaintiffs for costs.

The declaration as it now stands contains four counts, two of which, the first and fourth, charge that defendant kindled or caused to be kindled a fire in the rear of property occupied by him and so carelessly and negligently watched and tended the fire that it spread to inflammable material near by, and thence to a row of buildings of which plaintiffs' store was one, and consumed the same and the stock of goods therein. The second count is the same as the first and fourth except that it charges that Lilla Cohn was the wife of the defendant and worked as the servant of the defendant in and about his store and residence, and while in the line of her employment as the servant of the defendant wilfully, knowingly and intentionally kindled the fire, etc. The third count is intended to be based upon section 18 of chapter 38 of the Revised Statutes relative to setting on fire any woods, prairies or other grounds, which reads as follows:

"If any person shall at any time hereafter wilfully and intentionally or negligently and carelessly set on fire or cause to be set on fire any woods, prairies or other grounds whatsoever he shall be fined not less than five dollars nor more than one hundred dollars. Provided this section shall not extend to any person who shall set on fire

or cause to be set on fire any woods or prairies adjoining his own farm, plantation or enclosure for the necessary preservation thereof from accident by fire between the last day of November and the first day of March by giving to his neighbors and the owner and occupant of such land and any person likely to be affected thereby, two days' notice of such intention."

This statute was enacted on February 20, 1819, by the first general assembly of the state. (Session laws of that year, p. 384.) The Illinois country was then new, almost in a state of nature; towns and villages were few and far apart; a farmer's neighbors were those who did not live more than twenty miles away from his cabin. The country stretched away in unbroken prairie covered with dense growth of high grass and in silent woods full of dead leaves and fallen branches. Fires in the woods and on the prairies were terrible. This statute was passed in view of that situation and to prevent such fires; fires in the woods, prairies and the like; fires of grounds in their natural state; fires of matter grown upon and being of the soil itself. It was never intended to embrace such a fire as is shown by this record, but, even if it were, it would avail nothing in this case for reasons hereafter stated. Plaintiffs' property which was burned was situate in the northwest corner of block 22 in the village of Gridley, in McLean county. Defendant occupied the southwest corner of that block on which was a brick store building, the first floor of which was used by defendant as a grocery and dry-goods store, and the second floor was used by him and his wife, Lilla Cohn, as their dwelling. There were six or seven buildings standing along the west side of the block between plaintiffs' building and the one occupied by the defendant. A burning pile of rubbish was seen by one of the witnesses on the lot occupied by defendant at half-past eleven o'clock A. M. on May 3, 1901, and at about two o'clock P. M. of the same day a fire in the same place was seen by another witness, Staley, and at this time Mrs. Cohn was standing near the fire with a rake or fork in her hand. Staley saw Mr. Cohn come down the outside stairway, having his face towards the fire, and

about twenty-five feet distant from it, and enter the store to
wait upon Staley. There was at that time a small blaze about
two feet from the ground and the pile of rubbish was about
two feet wide. Between three and four o'clock P. M. a
chicken house not many feet distant from the rubbish fire
began burning, and from thence the fire extended until all
the buildings on the west side of the block were destroyed.
Two witnesses testified that at times Mrs. Cohn waited on
customers in the store. Testimony was introduced that
Mrs. Cohn said, while the buildings were burning, " O my
God, I have set the town on fire," and again, " I did not
think it would be such a fire as that," and after the fire was
over she said, " I just burned a handful of trash as you
clean up in house cleaning. I had no idea anything else
would burn." The court ruled that these statements of
Mrs. Cohn were admissible only as against Mrs. Cohn. It
is claimed that the court erred in ruling that the foregoing
statements by Mrs. Cohn were admissible only as against
her, and also erred in excluding evidence offered by plaint-
iffs. The following question was put to a witness : " You
may state to the jury whether or not at any time during the
week preceding this time you saw anybody building a bonfire
or rubbish fire back of that building ? " And upon objection
made, counsel for plaintiff said : " I think we have a right to
show for any reasonable time previous to this that these
parties were in the habit of putting out bonfires in the back.
yard, showing the habit and custom; tending to prove they
put out this fire." It was also offered to be proved that
Mr. and Mrs. Cohn had been "warned" against setting out
fires there, to which objection was made. The court sus-
tained the objections to this evidence. All these rulings
of the court were clearly correct. There is no evidence in
this record that defendant set the fire or directed it to be
set; nor is there any evidence that it was set by any servant
of defendant in the line of her employment as such servant.
The statements of Mrs. Cohn show that she set the fire but
there is no proof that in so doing she was acting as the
servant of the defendant and in the line of her employment.

McNemar v. Cohn.

She was his wife and presumably took care of his dwelling above the store and it is proven that she several times waited on customers in the store. That is all the proof as to her employment and it wholly fails to establish any responsibility of the defendant for her act in setting the fire. The mere relation of husband and wife does not establish such agency and we do not understand counsel to claim that it does. The witness Staley testifies that Mr. Cohn was at a distance of twenty-five feet from the fire with his face towards it. Nothing was said by him or by Cohn about the fire nor does it appear that Cohn saw it or knew it existed. The proof simply shows that he might have seen it. Even if he knew the fire existed, that of itself alone would not fix responsibility for plaintiffs' loss upon him.

Counsel urge that the statements of Mrs. Cohn are admissible as part of the *res gestæ*. We think not. They are mere narrative after the thing done, and therefore inadmissible against Mr. Cohn even if the relation of master and servant was shown to exist between Mr. and Mrs. Cohn, of which, as we have seen, there is no proof. Counsel for both parties argue at length concerning the proper construction of section 4 of chapter 68, Revised Statutes, entitled "Husband and Wife" which reads as follows: "For all civil injuries committed by a married woman damages may be recovered from her alone and her husband shall not be responsible therefor except in cases where he would be jointly responsible with her if the marriage did not exist." Inasmuch as what we have already said disposes of this appeal it is unnecessary to discuss at any length this section of the statute. It first became a part of our statutory law in 1874. Previous to its enactment the common law relations of husband and wife had been so modified by the acts of 1861 and 1869 that scarcely a vestige of it remained. By those enactments the unity of husband and wife was severed; they became distinct persons, with the right to have separate estates, contracts, debts, injuries and responsibilities. No reason is perceived why the relation of

master and servant may not exist between husband and wife since the enactment of those statutes; that is the basis of the second count; but it is argued that master and serv- ant cannot be jointly sued—are not "jointly responsible," and consequently that Cohn would not be liable for the acts of Mrs. Cohn even though she were employed as his servant and did the acts complained of in the line of her employment, because the statute exempts him from her torts "except in cases where he would be jointly responsi- ble with her if the marriage did not exist." We think master and servant cannot be held jointly liable for the tort of the servant in the line of his employment, where the liability of the master is predicated solely upon the doctrine of *respondeat superior.* Each may be sued sepa- rately, the servant for his negligent act done, the master under the doctrine of *respondeat superior.* In Herman Berghoff Brewing Co. v. Przbylski, 82 Ill. App. 361, and Helms v. Northern Pacific Ry. Co. et al., 120 Fed. Rep. 389, the question is discussed at length and numerous au- thorities cited and considered. Cohn and his wife could not be jointly sued, one as master and the other as servant, and by the literal terms of said section 4 he would not be liable for her acts as his servant and done in the line of her employment.

If the literal interpretation be the correct one, then the law of *respondeat superior,* as at common law, is annulled as to husbands whose wives are employed by them and are guilty of actionable negligence in their employment. Mar- ried men would constitute one class and unmarried men another; married men would constitute the favored class. The common law would apply to the unmarried men and, in such case, not the married. Statutes in derogation of the common law are to be strictly construed. The com- mon law is not to be deemed abrogated by statute unless it clearly appears that such was the legislative intent. The intent was to do away with the common law doctrine of the husband's liability for the wife's torts; nothing less, nothing more. The words, "joint," "jointly," have a gen-

eral meaning of plurality, more than one, both, all, and the like. The clear intent is as if the language had been "where both would be responsible if the marriage did not exist." Both might be responsible and yet not liable to be sued jointly in the technical sense. Such construction is in accord with the canons of interpretation laid down by the courts and law writers.

The judgment is affirmed.

*Affirmed.*