DETERMINED IN THE

## FOURTH DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEARS 1916 and 1917.

---

### John Wendzenski, Appellee, v. Madison Coal Corporation and William Turton, Appellants.

1. MINES AND MINERALS, § 125*—*when judgment for plaintiff in action on common-law counts by employee against mine manager for personal injuries is erroneous.* Where a miner, holding a certificate of competency from the State Board, brought action against his employer, who had rejected the Compensation Act, and his employer's mine manager for damages for injuries due to an explosion caused by said miner trying to ram a cartridge which he had prepared into a hole bored by him, the tamping rod striking against sulphur, known both by him and by defendants to be in the vein of coal, or some hard substance, *held* that a judgment for the plaintiff could not be sustained under common-law counts against the mine manager as he was entitled to the defenses of contributory negligence, assumed risk and fellow-servant, and the evidence showed that plaintiff was not in the exercise of ordinary care for his own safety.

2. WORKMEN'S COMPENSATION ACT, § 2*—*what is effect of refusal of employer to come under as to mine manager.* While the election by an employer not to pay compensation under the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(1) *et seq.*] would take away from such employer the defenses of contributory negligence, assumed risk and fellow-servant, such election would not

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

under that act have such effect as to the employer's mine manager joined as a codefendant.

3. MINES AND MINERALS, § 125*—*when assumed risk and contributory negligence are not available as defenses.* Where a count under the statute against an employer and his mine manager charged a wilful violation of the provisions of the mining statute with reference to the duties of such manager (J. & A. ¶ 7494), *held* that the defenses of contributory negligence or assumed risk would not be available either to said employer, who had elected not to pay compensation under the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475(1) *et seq.*], or to said mine manager.

4. MINES AND MINERALS, § 107*—*duty of mine manager to give special instructions with reference to placing and · discharging of blasting shots.* Paragraph 14, subd. (a), sec. 20 (J. & A. ¶ 7494), of the Mining Statute, requiring a mine manager to give "special instructions concerning the storage and handling of explosives in the mine," should not be limited to other storage and handling than in charging and blasting, but should be held to be broad enough to cover special instructions with reference to the placing and discharging of the blasting shots.

5. MINES AND MINERALS, § 107*—*when mine manager is not relieved from duty to give special instructions concerning storage and handling of explosives.* The fact that a miner has a certificate of competency from the State Board does not relieve the mine manager from his duty under the mining statute to give to such miner special instructions concerning the storage and handling of explosives in the mine, where such manager has knowledge that such miner is inexperienced in the handling of explosives and placing and blasting of shots in the mine.

6. MINES AND MINERALS, § 173*—*when evidence sufficient to sustain verdict for plaintiff in action by miner against employer and manager for injuries.* Where, in an action by a miner against his employer and his employer's mine manager for damages under section 20 of the Mining Act (J. & A. ¶ 7494), because of injuries received while at work in the mine, the evidence tended to show that such miner; although holding a competency certificate from the State Board, was inexperienced in handling explosives and placing and firing of shots, and it was practically admitted by the defendants that said miner had received no instructions from them concerning such work, *held* that a verdict in favor of the plaintiff was not against the manifest weight of the evidence.

7. APPEAL AND ERROR, § 1666*—*when question of joinder of defendants cannot be raised on appeal.* After plea of the general issue and overruling of a demurrer raising the question of joinder of defendants, such question cannot be raised on appeal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Wendzenski v. Madison Coal Corporation et al., 203 Ill. App. 1.

8. MINES AND MINERALS, § 138*—*when mine manager may be joined with master as defendant in action for personal injuries.* It is proper practice to join the servant with the master in an action by a miner against his employer and his employer's mine manager for damages for injuries while at work in the mine.

9. MINES AND MINERALS, § 45*—*when mine manager liable for violation of provisions of mining act.* The Mining Act, sec. 29 (J. & A. ¶ 7503), gives a right of action for violation of its provisions against the mine manager as well as against the mine operator.

10. INSTRUCTIONS, § 38*—*when giving in language of statute is not error.* Where an instruction was in the language of the statute and was applicable to the facts in the case, the giving of same was not error.

11. MINES AND MINERALS, § 191*—*when instruction in action by miner against owner and mine manager for personal injuries is not erroneous.* Where an instruction in an action for damages for personal injuries by a miner against his employer and his employer's mine manager was, in effect, that even though plaintiff had a certificate of competency from the State Board, such certificate would not relieve defendants from the duties imposed on them by law, *held* that said instruction laid down a correct principle of law and was applicable to the facts in the case, and the court did not err in giving same.

12. MINES AND MINERALS, § 188*—*when instruction in action by miner against owner and mine manager for personal injuries is not erroneous as directing a verdict.* Where, in an action for damages for personal injuries by a miner against his employer and his employer's mine manager, an instruction was given, in effect, that "if plaintiff had proven his case as alleged in the declaration that the mere fact of his having a miner's certificate of competency would not prevent him from recovering in his said suit," *held* that such instruction did not direct a verdict and the court did not err in giving same.

13. JUDGMENT, § 203*—*when judgment based on good count should be sustained.* A verdict and judgment should be sustained if there is one good count supported by the evidence, although other counts in the declaration may not be good or may not be supported by the evidence.

Appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

BURTON & BURTON, for appellants; JOHN G. DRENNAN, of counsel.

WILLIAM M. P. SMITH and TERRY, GUELTIG & POWELL, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

This is an appeal prosecuted from a judgment of $15,000 rendered in the Circuit Court of Madison county, December 15, 1915, in favor of John Wendzenski, a coal miner, against the Madison Coal Corporation and William Turton, its mine manager. An amended declaration was filed by appellee consisting of three counts. The first count charged, in substance, that appellee was employed by appellant coal company as a coal miner; that part of his duties as such miner consisted of drilling and preparing holes to be charged with explosives and in handling explosives and placing such explosives in such holes preparatory to shooting down coal; that, contrary to the statute, said company, by its mine manager and assistant mine manager, wilfully failed to instruct appellee concerning the handling of explosives, which appellee was required to handle in blasting down the coal; that on account of the failure to so instruct appellee, appellee not realizing the danger, attempted to tamp a cartridge into place, and in doing so forced the tamping rod against a piece of sulphur or impurity in the coal, thereby causing an explosion which resulted in the loss of the sight of both eyes and otherwise caused appellee to be permanently scarred and disfigured.

The second count is a common-law count and charges that appellee was a foreigner unacquainted with the English language and inexperienced in the use of powder for blasting purposes, and that he was not properly instructed in the handling of powder as

an explosive and in placing explosives preparatory to shooting down coal, which facts were known to appellants, or by the exercise of due care could have been known, etc.

The third count is also a common-law count and charges the violation of duty to appellee in failing to instruct him regarding the danger of tamping powder cartridges or loose powder into a hole, the side of which was partly composed of. sulphur or hard matter found in the coal seam in said mine. A general and special demurrer filed to said amended declaration was overruled and thereupon appellants entered a plea of not guilty.

Prior to pleading, appellants caused said proceeding to be removed to the United States District Court for the Southern District of Illinois. Said court held it had no jurisdiction of said cause for the reason that certain of the defendants thereto were residents of this State and remanded the same to the Circuit Court of Madison county. A trial was had in said Circuit Court, resulting in a verdict and judgment against appellants, as above set forth. Before the verdict was returned, said suit was dismissed as to defendant Anderson, assistant mine manager.

The evidence discloses that appellee was born in Poland; that he was some thirty-four years of age, and that his occupation had been that of a miner, and that he had worked for some two or three years in coal mines in Europe at the face, and had bored holes for firing shots, but had never fired such shots, as the evidence disclosed that in Europe, while the shots were prepared by coal miners, they were fired by regular shot firers.

The evidence further discloses that upon his arrival in the United States he came at once to Illinois where he obtained a certificate of competency as a practical miner from the State Examining Board. Shortly thereafter he was employed by appellant, the Madison

Coal Corporation, and worked at the face of appellant's mine, doing the work of an ordinary coal miner until October 20, 1913, when he received his injury.

The evidence of appellee further tends to prove that he had no knowledge with reference to the handling of explosives or the preparing and firing of shots for the blasting down of coal as they were prepared and fired in appellant's mine; that he received no instructions from the mine manager or assistant mine manager of appellant coal company, with reference to the handling of explosives, or with reference to the placing and firing of shots to blast down the coal, and that while trying to ram a cartridge which he had prepared into a hole bored by him, an explosion was caused by the tamping rod striking against sulphur or some hard substance, and by reason of such explosion appellee lost the sight of both eyes and was otherwise disfigured.

Appellee's evidence is further to the effect that he did not know about said vein of coal containing sulphur, but that said fact was known to appellant coal company and William Turton, its mine manager. There is no serious dispute with reference to these matters and no great conflict in the evidence in regard thereto, the contention of appellants being, that inasmuch as appellee was a certified miner, that appellants were under no duty to instruct him with reference to the handling of explosives in connection with the placing and firing of shots, as not more than two pounds of powder were used for any one blast in appellant coal corporation's mine.

The evidence further discloses that the appellant, Madison Coal Corporation, had elected not to pay compensation under the Workmen's Compensation Act.

The principal ground relied on by appellants for a reversal of this case is that no right of recovery against them is disclosed by the record, and that the court erred in refusing to give appellants' peremptory instruction, directing the jury to find them not guilty.

There were three counts in the declaration. Two common-law counts and one statutory count. We are inclined to hold that this judgment cannot be sustained as to either of the common-law counts, for the reason that, as to those counts, appellant William Turton is entitled to his common-law defenses of contributory negligence, assumed risk and fellow-servant, as the evidence shows that appellee was not in the exercise of ordinary care for his own safety prior to and at the time he received his injury, and that in part, at least, appellee's negligence contributed to his injury. That being true, a right of recovery is not shown against William Turton, the mine manager. While the election of the appellant, the Madison Coal Corporation, not to pay compensation under the Workmen's Compensation Act would take away from it the defenses of contributory negligence, assumed risk and fellow-servant, its said election would not have that effect as to William Turton, its mine manager. Section 3, subd. (a) of the Workmen's Compensation Act [Cal. Ill. St. Supp. 1916, ¶ 5475 (3)], provides as follows: "In any action to recover damages against an employer, engaged in any of the occupations, enterprises or businesses enumerated in paragraph (b) of this section, who shall elect not to provide and pay compensation to any employee, according to the provisions of this act, it shall not be a defense that: First, the employee assumed the risks of the employment; second, the injury or death was caused in whole or in part by the negligence of a fellow-servant; or third, the injury or death was approximately caused by the contributory negligence of the employee."

"Subd. (b). The provisions of paragraph (a) of this section shall only apply to an employer engaged in any of the following occupations," etc.

The question to be determined then is whether or not, on the record in this case, the verdict and judg-

ment can be sustained on the statutory count. A wilful violation of the provisions of the mining statute with reference to the duties of the mine manager being charged in said count, the defenses of contributory negligence or assumed risk would not be available either to appellant coal company, or to William Turton, its mine manager. *Kellyville Coal Co. v. Strine,* 217 Ill. 516; *Davis v. Illinois Collieries Co.,* 232 Ill. 284; *Peebles v. O'Gara Coal Co.,* 239 Ill. 370; *Waschow v. Kelly Coal Co.,* 245 Ill. 516; *Wilkerson v. Willis Coal & Mining Co.,* 158 Ill. App. 620.

The contention of appellants is that the provisions of the statute to the effect "that the mine manager shall give special attention to and instruction concerning the storage and handling of explosives in the mine" does not have reference to instructions to certified miners with reference to the time and manner of placing and discharging the blasting shots; that this provision with reference to instructions relative to the handling of explosives in the mine has to do with their storage and handling other than the handling by miners in charging and blasting the shots.

Subdivision (a) of section 20 of the Mining Statute, being section 20 of chapter 93, Hurd's Revised Statutes (J. & A. ¶ 7494), contains fifteen paragraphs specifying what shall be the duty of the mine manager. Among them is paragraph 14 above quoted. Subdivision (b) of section 20 contains three paragraphs under the heading: "The mine manager shall have power," paragraph 2 thereof being to the effect that the mine manager shall have power "To prescribe special rules concerning the proper storage and handling of explosives in the mine and concerning the time and manner of placing and discharging the blasting shots, and it shall be unlawful for any miner to fire shots except according to such rules." Appellants insist, in order to give meaning to the provisions of paragraph 2 of subdivision (b) of said section above referred to, that

paragraph 14 of subdivision (a) should not be construed as having the effect of making it the duty of the mine manager to give special instructions to the miners with reference to the handling of explosives in connection with the placing and blasting of shots.

It will be observed that subdivision (a) provides what "shall be the duty of the mine manager." Paragraph (b) provides certain powers that the mine manager shall have, among them are "To prescribe special rules concerning the proper storage and handling of explosives in the mine and concerning the time and manner of placing and discharging the blasting shots," etc. In other words, paragraph 2 of subdivision (b) of said section 20 makes provision that the mine manager shall have power to prescribe certain rules with reference to the handling of explosives and blasting of shots, which rules when prescribed shall be followed, and making it unlawful for any miner to fire shots, except according to such rule. We are, therefore, of the opinion that paragraph 14 of subdivision (a) of said section 20 should not be given the limited construction contended for by appellants, but that it should be held to be broad enough to cover special instructions with reference to the placing and discharging of the blasting shots, and this construction, we think, is supported by the Supreme Court in the case of *Kulvie v. Bunsen Coal Co.*, 253 Ill. 386.

In the case cited, the declaration in said cause charged: "That Andrew Kulvie and his buddy, John Wuysik, were coal diggers in defendant's employment; that the defendant wilfully failed to instruct them concerning the manner of discharging blasting shots in said mine. but ordered and directed them to discharge three certain shots at a place described, but, having wilfully failed to instruct said employees as to the manner of discharging said shots, they fired all three of them at the same time, as one blast, thereby causing an explosion of such force that a large quan-

tity of coal was thrown to and upon Kulvie, instantly killing him." At page 390, the court says: "The Act of 1909 provides that certificates shall be issued to applicants found qualified upon examination, and such certificate shall entitle the holder 'to be employed as and do the work of miners.' The certificate is evidence that the holder possesses the qualifications 'to do the work of miners,' but does not necessarily show that he possesses the practical experience required of a shot firer. Notwithstanding Kulvie's certificate, there is proof in the record tending to show he did not possess such knowledge and experience." Again, at page 391, the court says: "The proof of defendant in error tended to establish the allegations of the declaration that Kulvie was a coal digger, not a shot firer. The trial court instructed the jury to find for plaintiff in error if they believed, from the evidence, deceased and Wuysik were shot firers at the time of the accident. Under the proof the court properly refused to direct a verdict, and rightly submitted to the jury the question whether defendant in error had proven, by a preponderance of the evidence, the allegations of her declaration that they were coal diggers."

While the facts in the case of *Kulvie v. Bunsen Coal Co., supra,* are not the same as the facts in this case, at the same time the Supreme Court in construing the provisions of the mining statute relating to the duty of the mine manager with reference to giving instructions concerning the handling of explosives and the placing and blasting of shots is to the effect that unless a miner is a shot firer he is entitled to receive such instructions from the mine manager, where the evidence tends to show that he was not an experienced shot firer, and that the fact that the coal miner may have a certificate from the Mine Examining Board, does not relieve the mine manager from his duty to give instructions concerning the handling of explosives and the placing and blasting of shots in the mine, where the evidence

tended to show said miner was inexperienced in reference thereto.

In the case of *Bagaini v. Donk Bros. Coal & Coke Co.*, 199 Ill. App. 76, decided by this court on April 17, 1916, in passing on the question of the duties of the mine manager to give instructions concerning the handling of explosives, etc., this court said: ''We are inclined to hold that it is a question of fact to be determined by the jury whether an experienced miner, who holds a certificate as such, under the provisions of the statute, but whose business is not that of an expert shot firer as contemplated by the statute, should be instructed by the mine manager with reference to the handling of explosives, and whether his failure to so instruct said miner is negligence.''

The evidence in this case tends to show that appellee was not experienced in the manner of handling explosives and the placing and firing of shots, and that this fact was brought to the knowledge of the mine manager. We therefore hold that the court did not err in refusing to direct a verdict in favor of appellants, as to the first count of appellee's declaration.

It is next insisted by appellants that the verdict is against the manifest weight of the evidence. As we have heretofore said, the evidence tended to show that appellee was inexperienced with reference to the handling of explosives and the placing and firing of shots, and that he received no instructions with reference thereto from appellant coal company, or William Turton, its mine manager. In fact, it was insisted throughout the trial by appellants that they were not required to give such instructions where a miner held a certificate from the State Examining Board, and the question as to whether or not the failure to so instruct appellee was wilful or not is not a controverted one, for appellants practically admit that if it was their duty to so instruct him, they have failed to perform the same and did so knowingly. We therefore hold that

the verdict of the jury was not against the manifest weight of the evidence.

It is urged by appellants that it was error to join William Turton, the mine manager, with appellant coal corporation. Appellants, having filed a plea of general issue after demurrer raising the question of joinder had been overruled, cannot now raise that question. In *Peirce v. Walters,* 164 Ill. 560, the Supreme Court at page 565 of the opinion says: "The question as to whether the engineer was properly joined with the receiver cannot now be raised, issue having been taken on the declaration so joining him." This was a case where a railroad engineer was joined as party defendant with the receiver of said road.

That it is a proper practice to join the servant with the master in an action on the case of the character of this one is amply sustained by the Supreme Court of this State, especially where the servant is held to be a vice principal, as it is with the mine manager. *Republic Iron & Steel Co. v. Lee,* 227 Ill. 246.

It is also insisted by appellants that there can be no recovery against William Turton, the mine manager, for the reason that the statute giving a right of action for a violation of a provision of the mining statute applies only to the mine operator and not to the mine manager, and in support of this contention they cite the case of *Grannon v. Donk Bros. Coal & Coke Co.,* 259 Ill., page 350. We have examined this case and while the court, in effect, seems to hold that only the coal company operating the mine is liable under the provisions of said act, at the same time, that question was not before the court as the mine manager was not made a party defendant, and the final decision of the case was based on the common-law count of the declaration. The court made no holding with reference to the statutory count charging a wilful violation of the provisions of the statute, so the most that can be said with reference to the language in the opinion with ref-

erence to the liability under the provisions of section 29 of said statute (J. & A. ¶ 7503) is that it was a mere *obiter dictum* opinion, and not controlling in this case.

This court in the case of *People v. Carter*, 186 Ill. App. 453, held Carter, the mine manager, liable to the penalties provided in subdivision (a) of said section 29 of the Mining Statute for a wilful violation of the provisions of said act relating to the duties of a mine manager. It would, therefore, seem to follow that if the mine manager is liable criminally under the provisions of subdivision (a) of section 29 of said statute, he should also be held liable in a civil action for damages under provisions of subdivision (c) of said section, giving a civil right for damages to any one injured by a wilful violation of the provisions of the mining statute, relating to the duties of the mine manager.

It is next contended by appellants that the court erred in giving the third and fifth instructions given on behalf of appellee ''for the reason that it was calculated to and evidently did mislead the jury.'' The third instruction was in the language of the statute and was applicable to the facts in this case, and the court did not err in giving the same. The fifth instruction is to the effect that even though appellee had a certificate of competency issued to him by the miner's examining board, that said certificate would not relieve appellants from the duties imposed upon them by law. This instruction, we think, lays down a correct principle of law, and was applicable to the facts in this case and the court did not err in giving the same.

It is also insisted that the court erred in giving the sixth instruction given on behalf of appellee, said instruction being to the effect ''that if appellee had proven his case as alleged in the declaration that the mere fact of his having a miner's certificate of competency would not prevent him from recovering in his said suit.'' It is insisted by appellants that this instruction is vitally defective for the reason it permits

14    APPELLATE COURTS OF ILLINOIS.

Wendzenski v. Madison Coal Corporation et al., 203 Ill. App. 1.

appellee to recover a verdict if he has proven his case as alleged in the declaration. We do not think the point well taken. This instruction does not direct a verdict and the court did not err in giving the same.

It is next insisted that the court erred in refusing five instructions tendered by appellants and which were refused by the court. The first refused instruction was, in effect, covered by the given instructions on behalf of appellants. No special criticism is made as to the court refusing to give the second, third and fourth of appellants' refused instructions. It is insisted, however, that the court erred in refusing to give appellants' fifth refused instruction. This instruction, after quoting parts of sections 19 and 20 of the mining statute, concludes as follows: "The court instructs the jury that the storage and handling mentioned in section 20 refers to the storage and handling of powder mentioned in section 19 (a) and (c)." We do not think the court erred in refusing this instruction for the reasons hereinbefore stated.

Twenty instructions were given on behalf of appellants, which, we think, presented their theory of the case to the jury in all its phases so far as warranted under the law.

It is not contended by appellants that the verdict is excessive. The injury suffered by appellee was a most serious one, being the loss of both eyes.

The evidence being sufficient to support the charge in the first count of appellee's amended declaration, and it being the settled law of this State that one good count supported by the evidence will sustain a verdict and judgment, although other counts in the declaration may not be good, or may not be supported by the evidence, the judgment should be sustained. *Eldorado Coal & Coke Co. v. Swan,* 227 Ill. 586; *Grannon v. Donk Bros. Coal & Coke Co.,* 259 Ill. 358.

Finding no reversible error in the record, the judgment will be affirmed.

*Judgment affirmed.*