Daisy McHale, Defendant in Error, v. Mrs. Frederick
W. McQuigg and Frederick W. McQuigg, Plain-
tiffs in Error.

Gen. No. 29,476.

1. HUSBAND AND WIFE—*validity of joint judgment against hus-
band and wife for wife's torts.* A husband and wife cannot be
made the subjects of a joint judgment in an action for personal
injuries received when plaintiff was struck by an automobile driven
by the wife when the husband was not present and had no con-
nection with the particular trip being made at the time and there
was evidence of ownership.

2. NEGLIGENCE—*general issue by defendants improperly joined
as admission of joint liability.* Where a husband and wife were
improperly joined as defendants in an action of tort for injuries
growing out of the operation of an automobile by the wife, their
plea of the general issue did not admit joint operation of the
automobile at the time of the injury.

3. EVIDENCE—*impropriety of permitting unnecessary description
and display of surgical appliances in personal injuries action.* In
an action for personal injuries the court improperly permitted un-
necessary descriptions of appliances used in treating plaintiff and
their exhibition to the jury.

Error by defendants to the Circuit Court of Cook county; the
Hon. HARRY M. FISHER, Judge, presiding. Heard in the first divi-
sion of this court for the first district at the October term, 1924.
Reversed and remanded. Opinion filed March 9, 1925.

EDWARD G. WOODS and CHARLES E. ERBSTEIN, for
plaintiffs in error.

JAMES L. BYNUM and D. RYAN TWOMEY, for defend-
ant in error.

MR. PRESIDING JUSTICE McSURELY delivered the
opinion of the court.

Plaintiff was struck by an automobile, and bring-
ing suit for damages for injuries received had a ver-
dict and judgment against defendants for $3,250,
which they ask to have reversed.

The declaration alleged joint ownership and operation of the automobile by defendants and that their negligent operation of it caused the accident, making them jointly liable. Defendants first argue that the record fails to establish joint liability. This point was properly raised upon the trial by a motion to compel plaintiff to elect as to which defendant she would proceed against, by instructions offered and refused, by motions for instructed verdicts of not guilty as to each defendant, and also by motions for a new trial and in arrest of judgment.

It is not controverted that when the automobile struck plaintiff it was operated solely by Mrs. McQuigg, and that her husband, Mr. McQuigg, was not present. There is no evidence as to who owned the car. Mrs. McQuigg testified that she habitually drove it. Her father and three other persons were with her in the car at the time of the accident.

It is the general rule that a husband is not liable for the torts of his wife except when the wife acts as the agent or servant of the husband, and then under the doctrine of *respondeat superior*. *McNemar v. Cohn*, 115 Ill. App. 31.

Can a judgment be sustained against the principal and agent jointly in a case where the negligence of the agent alone caused the accident and the principal is liable only upon the doctrine of *respondeat superior?* In *Herman Berghoff Brewing Co. v. Przbylski*, 82 Ill. App. 361, after an extended citation and consideration of many cases, the court held that such parties cannot be jointly liable. "If there is no concert of action—no common intent—there is no joint liability." *City of Peoria v. Simpson*, 110 Ill. 294. In *McNemar v. Cohn, supra*, it was also so held, but "Each may be sued separately, the servant for his negligent act done, the master under the doctrine of *respondeat superior*." To the same effect is *Schmidt*

*v. Balling,* 91 Ill. App. 388. In *Warax v. Cincinnati, N. O. & T. P. Ry. Co.,* 72 Fed. 637, Mr. Justice Taft discusses the question at length with many citations, and concludes that the rule of *respondeat superior* is simply on the ground of public policy, while the liability of the servant on the other hand arises wholly because of his personal act in doing the wrong, and that "liabilities created on two such wholly different grounds cannot and ought not to be joint." This conclusion was followed, after very extensive discussion of a large number of cases, in *Helms v. Northern Pac. Ry. Co.,* 120 Fed. 389; also in *Shaver v. Pacific Coast Condensed Milk Co.,* 185 Fed. 316; *Armstrong v. Kansas City Southern Ry. Co.,* 192 Fed. 608; *Lisner v. Hughes,* 258 Fed. 512. Also *Mulchey v. Methodist Religious Society,* 125 Mass. 487, opinion by Chief Justice Gray, subsequently of the Supreme Court of the United States, where it is said:

"Such negligence would be neither in fact, nor in legal intendment, the joint act of the principal and of the agents; and therefore both could not be jointly sued. It is not like the case of a wilful injury done by an agent by the command or authority of his principal, in which both are in law principal trespassers and therefore liable jointly."

See also *French v. Central Construction Co.,* 76 Ohio St. 509, with notes and citations in 12 L. R. A. (N. S.) 669. The opposing cases cited by plaintiff's counsel are hardly applicable. In *Republic Iron & Steel Co. v. Lee,* 227 Ill. 246, the court held that the cases above cited were not applicable to the facts in that case, where the defendants joined in the act complained of. Like cases also are *Wendzenski v. Madison Coal Corporation,* 203 Ill. App. 1, and *Rising v. Ferris,* 216 Ill. App. 252. *Johnson v. Magnuson,* 68 Ill. App. 448, seems to be against the decided weight of opinion.

There is a total lack of evidence as to any concert of action or common intent of defendants with reference to the operation of the automobile at the time

of this accident. So far as the record shows, the defendant, Mr. McQuigg, neither owned the car nor operated it at any time and was entirely unaware of and unconnected with this particular trip. The only relation he is shown to have had with the occurrence is his appearance on the scene after the accident. Citations of cases where the parties are engaged in a common enterprise are not in point.

We hold that the defendants in this case cannot be made the subject of a joint judgment unless it can be held that their plea of general issue admits joint operation of the automobile when it struck plaintiff.

Plaintiff alleged joint ownership and operation, and argues that the general issue admits both allegations under the rule announced in *Chicago Union Traction Co. v. Jerka,* 227 Ill. 95, and many other similar cases. *Holcomb v. Magee,* 217 Ill. App. 272, does not so decide. There the plaintiff sued two doctors for malpractice, alleging that she had employed them to give her treatments with an X-ray machine, but that they so unskilfully and negligently operated this that she was burned. The defendants filed a joint plea of not guilty. It was held that this plea admitted possession and operation of the machine, but the opinion shows that the court was not considering the question of liability of one defendant under the rule of *respondeat superior* and of the other as agent, but from both the pleadings and evidence concluded that the defendants were co-operating and acting together in the treatment of plaintiff with the X-ray machine. Under the rule of pleading long followed in this State, where the charge is joint liability, the proper plea for those not guilty is the general issue. *Purington-Kimball Brick Co. v. Eckman,* 102 Ill. App. 183.

"It is laid down in all works on pleading that if two or more persons are sued for a tort committed by one only, a misjoinder cannot be pleaded; the

proper plea for those not guilty is the general issue." *Yeazel v. Alexander,* 58 Ill. 255; *Economy Light & Power Co. v. Hiller,* 203 Ill. 518.

We are referred to no cases changing this rule. It would be unreasonable to stretch the rule in the *Jerka* case to include the charge of joint liability.

Earnest complaint is made of the conduct of the trial judge with reference to interference in the examination of witnesses and improper comments in the presence of the jury. This complaint is not wholly unjustified.

The doctors treating plaintiff for her injuries were permitted to go into considerable detail, describing the instruments and surgical appliances used in the treatment. There was introduced in evidence a surgical clamp which had been applied to plaintiff's broken leg. We strongly disapprove of unnecessary descriptions of such appliances and their exhibition to the jury. Such exhibitions usually serve no purpose except to excite sympathy. To permit this in personal injury cases would open a wide door to the display of surgical instruments, tending to arouse emotions not conducive to a fair and impartial consideration of the proper issues presented. Under some circumstances this might require a reversal.

Other points are presented, but we base our conclusion that there must be a reversal upon the ground that the judgment against the defendants jointly is contrary to law.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.