## HITCHCOCK *v.* BUCHANAN.

1. A bill of exchange, headed " Office of Belleville Nail Mill Co.," and concluding, " charge same to account of Belleville Nail Mill Co., A. B., Pres't, C. D., Sec'y," is the bill of the company, and not of the individual signers; and a declaration thereon against the latter as drawers, setting forth the instrument, and alleging it to be their bill of exchange, is bad on demurrer.

2. A statute prohibiting defendants, in an action upon a written instrument, from denying their signatures, except under plea verified by affidavit, does not apply to a case in which they demur because the instrument declared on appears upon its face to be the contract of their principal and not of themselves.

ERROR to the Circuit Court of the United States for the Southern District of Illinois.

This was an action of assumpsit by Hitchcock as indorsee, against Buchanan and Waugh as drawers, of the following bill of exchange : —

" OFFICE OF BELLEVILLE NAIL MILL CO., BELLEVILLE, ILLS.,
" $5,477.13.                              Dec. 15th, 1875.

" Four months after date, pay to the order of John Stevens, Jr., cashier, fifty-four hundred and seventy-seven $\frac{13}{100}$ dol-

lars, value received, and charge same to account of Belleville Nail Mill Co.

"Wm. C. Buchanan, *Pres't.*

"James C. Waugh, *Sec'y.*

"To J. H. Pieper, *Treas.*, Belleville, Illinois."

The declaration alleged that the defendants, on the 15th of December, 1875, "at the office of Belleville Nail Mill Co., Belleville, Ills., made their certain bill of exchange" (describing it), and, after it had been accepted by the drawee, delivered it to the payee therein named, and he indorsed it to the plaintiff, and the bill at maturity was presented for payment, and payment refused, and the bill protested for non-payment, and the defendants, knowing that it would not be paid by the acceptor, had omitted to provide funds for its payment. A copy of the instrument above set forth, and of the acceptance and indorsement thereon, was filed with the declaration.

The defendants, after oyer craved and had, severally filed general demurrers to the declaration, which were sustained by the Circuit Court, and judgment given for the defendants, on the ground that the instrument declared on was the bill of exchange of the Belleville Nail Mill Company, and not the bill of the defendants.

*Mr. Thomas G. Allen* for the plaintiff in error.

*Mr. C. W. Thomas* for the defendants in error.

Mr. Justice Gray, after stating the case, delivered the opinion of the court.

The bill of exchange declared on is manifestly the draft of the Belleville Nail Mill Company, and not of the individuals by whose hands it is subscribed. It purports to be made at the office of the company, and directs the drawee to charge the amount thereof to the account of the company, of which the signers describe themselves as president and secretary. An instrument bearing on its face all these signs of being the contract of the principal cannot be held to bind the agents personally. *Sayre* v. *Nichols*, 7 Cal. 535; *Carpenter* v. *Farnsworth*, 106 Mass. 561, and cases there cited.

The allegation in the declaration, that the defendants made "their" bill of exchange, is inconsistent with the terms of the

writing sued on and made part of the record, and is not admitted by the demurrer. *Dillon* v. *Barnard*, 21 Wall. 430; *Binz* v. *Tyler*, 79 Ill. 248.

The provision of the statute of Illinois (ed. 1877, title Practice, sects. 34, 36) prohibiting defendants sued on written instruments from denying their signatures, except under plea verified by affidavit, has no application where the fact of signature is admitted by demurrer, and the only issue is one of law.

*Judgment affirmed.*