# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

CREAGH v. EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES et al.

(Circuit Court, D. Washington, N. D.  June 25, 1898.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—ALIENAGE OF PLAINTIFF.
   One of several defendants, who is a citizen of one of the United States, cannot remove the cause on the ground of a separable controversy between himself and an alien plaintiff.

2. SAME—ALIENS—NATURALIZATION.
   A declaration of intention to become a citizen of the United States does not make one a naturalized citizen, nor entitle him to the rights or privileges of citizenship in the state of Washington; and he is, therefore, not a citizen of that state in the meaning of the removal acts.

3. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY—ACTION FOR LIBEL.
   An action to recover damages for a libel alleged to have been written and published by certain of the defendants, acting as agents of their co-defendant, contains no separable controversy which will enable such co-defendant to remove the case.

This is an action to recover damages for an alleged libel, and was brought by John Creagh against the Equitable Life Assurance Society of the United States, a New York corporation, and Frank Waterhouse and William P. Pritchard, co-partners doing business under the firm name and style of Waterhouse & Pritchard.

Upton, Arthur & Wheeler, for plaintiff.
Burke, Shepard & McGilvra, for defendants.

HANFORD, District Judge.  This action was commenced in the superior court of the state of Washington for King county, to recover damages for an alleged libelous letter, injurious to the plaintiff, alleged to have been written and published by the defendants Waterhouse & Pritchard, acting in that behalf as agents of their co-defendant, the Equitable Life Assurance Society, and in the transaction of business within the scope of their agency, as well as in behalf of themselves.  The Equitable Life Assurance Society filed in the state court a petition and bond for removal of the case into this court, alleging in

88 F.—1

its petition as the ground for removal that there is a separable controversy, which is wholly between the plaintiff and said petitioning defendant; that the amount in controversy exceeds $2,000; and that the plaintiff is an alien, and said defendant is a corporation organized under the laws of the state of New York, and is a citizen of the state of New York, and not a resident of the state of Washington. The plaintiff filed in the state court an affidavit in opposition to the petition for removal, in which he controverted certain allegations of the petition, and alleged affirmatively that at and prior to the time of commencing this action he was and had been a resident and citizen of Seattle, in the state of Washington, and that he had declared his intentions to become a citizen of the United States, and had taken and subscribed the oath prescribed by the laws of the United States to be taken by an alien at the time of making such declaration. The defendants have caused a transcript of the record of the state court to be filed in this court, and the case has been regularly docketed, and a date set for the trial, although there has been no appearance by or on behalf of the plaintiff. From the facts appearing by the record, a question of jurisdiction arises, which it is the duty of the court to notice and pass upon, notwithstanding the failure of the plaintiff to present the question by any motion or pleading. I hold that the case is not removable, and this court is without jurisdiction, for two reasons: In the first place, the only ground for removing the case alleged by the petitioning defendant is a separable controversy, but the law does not permit one or more of several defendants to remove a cause into a United States circuit court on this ground, unless there be a controversy which is wholly between citizens of different states. An alien who is a party to a separable controversy is not given the right to remove a cause. King v. Cornell, 106 U. S. 395–399, 1 Sup. Ct. 312. And the converse of this proposition must be equally true; that is to say, one of several defendants, who is a citizen of one of the United States, is not authorized to remove a cause on the ground that there is a separable controversy between himself and an alien plaintiff. Now, the plaintiff in this case is still an alien. His declaration to become a citizen of the United States does, not make him a naturalized citizen, nor entitle him to the rights or privileges of citizenship in the state of Washington. It is true that this case is one of which this court might have had original jurisdiction on the ground of diversity of citizenship of the parties, but still the case is not removable, because some of the defendants, being citizens and residents of the state of Washington, are precluded from joining in the petition for removal, and the one defendant who is a nonresident of the state of Washington is barred of the right of removal on the ground of a separable controversy by the fact that the other party to the alleged separable controversy is not a citizen of any one of the states of the Union. The second fatal objection to the jurisdiction of this court is found in the rule, now well established by repeated decisions of the supreme court, that an action of tort which is brought in a state court against several defendants jointly contains no separable controversy which will authorize its removal by some of the defendants into a circuit court of the United States, even if they

file separate answers and set up different defenses from the other defendants, and allege that they are not jointly liable with them, and that their own controversy with the plaintiff is a separable one; for, as the supreme court has often said: "A defendant has no right to say that an action shall be several which the plaintiff seeks to make joint. A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his suit to a final decision in his own way." Pirie v. Tvedt, 115 U. S. 41–43, 5 Sup. Ct. 1034, 1161; Sloane v. Anderson, 117 U. S. 275, 6 Sup. Ct. 730; Little v. Giles, 118 U. S. 596–601, 7 Sup. Ct. 32; Railroad Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203; Torrence v. Shedd, 144 U. S. 527–530, 12 Sup. Ct. 726; Connell v. Smiley, 156 U. S. 335–340, 15 Sup. Ct. 353; Powers v. Railway Co., 169 U. S. 92–103, 18 Sup. Ct. 264. This court has heretofore ruled differently in one or two instances, adopting the rule, which I now consider to be sound, and well supported by authorities, that when a master is made liable for a negligent or wrongful act of his servant, solely upon the ground of the relationship between them, and the application of the rule of respondeat superior, and not by reason of any personal participation in the negligent or wrongful act, he is liable severally, and not jointly with the servant. I have considered it a logical sequence from this rule that, although the master and his delinquent servant be named as co-defendants in such an action, the complaint shows affirmatively that there is no joint liability, and that either defendant may properly claim that there is a separable controversy between himself and the plaintiff. In the cases cited, the supreme court does not question the rule, and seems to take it for granted that it may be successfully interposed as a defense, but it denies the sequence, and holds to the idea that an action against several defendants jointly, where by the plaintiff's own showing there is no joint liability, may not be split into several controversies, but must necessarily fail entirely. This court must follow the decisions of the supreme court, rather than its own previous practice. An order will be entered on the court's own motion, remanding this case to the superior court for want of jurisdiction in this court to entertain it.