CRAWFORD v. ILLINOIS CENT. R. CO. et al.

(Circuit Court, W. D. Kentucky.   March 29, 1904.)

1. REMOVAL OF CAUSES—FRAUDULENT JOINDER OF DEFENDANT TO PREVENT RE-
MOVAL.

   The right of removal cannot be defeated by the joinder of a resident
   with a nonresident defendant, even though a joint cause of action is al-
   leged, where the court finds as a fact that the averments on which the
   joint liability is asserted are palpably untrue, and were not made in good
   faith, but for the sole purpose of preventing a removal, and in fraud of
   the jurisdiction of the federal court.

On Motion to Remand to State Court.

S. M. Payton, for plaintiff.

Pirtle, Trabue, Doolan & Cox, for defendants.

EVANS, District Judge.   The defendant the Illinois Central Rail-
road Company, a citizen of Illinois, has removed this case from the
state court, where it was commenced, into this court, upon the ground
that its codefendant, Joseph Warren, a citizen of Kentucky, and the
engineer in charge of its train when plaintiff's intestate was injured,
was joined as a defendant for the sole purpose of preventing the re-
moval of the action to this court.   The plaintiff has moved the court to
remand the case.   Upon the issue thus raised we have heard the evi-
dence, and have reached the conclusion that whether or not, under the
Constitution and laws of Kentucky, there exists a technical right to sue
the defendants jointly, yet that in point of fact the defendant Warren
was joined for the sole purpose of preventing a removal to this court;
and the court finds further from the evidence that the averments of
fact on which the joint liability is asserted are so palpably untrue and
unfounded as to make it improbable that the plaintiff could have assert-
ed them in good faith.   This brings the case within the opinions of the
Circuit Court of Appeals for this circuit in the cases of Hukill v. Mays-
ville, etc., R. R. Co. (C. C.) 72 Fed. 747, and Warax v. Cincinnati, etc.,
R. R. Co. (C. C.) 72 Fed. 637.   It would, indeed, be discreditable to the
judicial acumen if it could be deceived by a claim so palpably unfounded
as that Warren was joined with any expectation of a recovery against
him.

   It is urged, as is usual in such cases, that in many opinions the Su-
preme Court has held that the motive of a plaintiff cannot be inquired
into if a pleading shows a case apparently within his legal rights; but
it will be remembered that each of those decisions plainly recognized
an exception to the rule, namely, cases where it is alleged and proved
that the joinder was made for the sole purpose of preventing a removal,
thus attempting to defraud the jurisdiction of the court, and thereby
prevent a removal, to which the citizen of another state would other-
wise be clearly entitled.   Kansas City Suburban Ry. Co. v. Herman,
187 U. S. 70, 23 Sup. Ct. 24, 47 L. Ed. 76;   C. & O. Ry. Co. v. Dixon,
179 U. S. 135, 138, 21 Sup. Ct. 67, 45 L. Ed. 121;   L. & N. R. R. v.
Wangelin, 132 U. S. 601, 10 Sup. Ct. 203, 33 L. Ed. 473;   Plymouth,

¶ 1. See Removal of Causes, vol. 42, Cent. Dig. § 79.

etc., Co. v. Amador, etc., Co., 118 U. S. 270, 6 Sup. Ct. 1034, 30 L. Ed. 232; Black's Dillon on Removal of Causes, § 76. Such a right cannot be defeated by a fraud, either clumsily or ingeniously contrived. The cases of Gustafson v. Chicago, etc., Ry. Co. (C. C.) 128 Fed. 87, and Shaffer v. Union Brick Co. (C. C.) 128 Fed. 97, are much in point.

It follows that the motion to remand this action to the state court must be, and it is accordingly, overruled.