ATLANTIC COAST LINE R. CO. v. BAILEY.

(Circuit Court, E. D. Georgia, S. D. February 20, 1907.)

1. REMOVAL OF CAUSES—ISSUE OF FACT ON PETITION.

Issues of fact raised by a petition for removal, affecting the question of removability, are cognizable only by the Circuit Court to which the removal is sought.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 193.]

2. SAME—JURISDICTION OF FEDERAL COURT—ACTION OF STATE COURT.

The refusal of a state court to grant an order of removal does not affect the jurisdiction of the federal court, which attaches as matter of law upon the filing of a sufficient petition and bond if the cause is removable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 204.]

3. SAME—SEPARABLE CONTROVERSY—JOINT ACTION.

Where the petition in a joint action in a state court against a railroad company and its servant to recover for a personal injury alleges facts which show that the corporation is charged with negligence solely because of an act of its codefendant, under the rule of respondeat superior, it states a cause of action which is several and not joint, notwithstanding a general averment of joint negligence, and the cause involves a separable controversy which renders it removable by such company, the other jurisdictional facts being shown.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 93, 100.

Separable controversy, see note to Robbins v. Ellenbogem, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

**4. SAME—PROCEEDING AFTER REMOVAL—INJUNCTION AGAINST PROCEEDING IN STATE COURT.**

Where a sufficient petition and bond for removal have been filed by a defendant who is entitled to remove the cause, and a removal has thus been effected under the law, although denied by the state court, the federal court on a bill in equity filed therefor has power to enjoin the plaintiff in the action removed from proceeding further therein in the state court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, § 209.]

In Equity.　Suit for injunction.

Garrard & Meldrim, for complainant.
Osborne & Lawrence, for defendant.

SPEER, District Judge. The defendant, M. R. Bailey, filed in the city court of Savannah an action in tort against the Atlantic Coast Line Railroad Company and J. F. Bailey. Thereafter, the company, being a resident of Virginia, gave bond and presented to that court its petition for removal here, on the ground that the suit involved a controversy wholly between citizens of different states, which should be fully determined as between the company and the plaintiff. That court, however, denied the petition by the following order:

"Under the authority of Southern Railway Co. v. O'Neal and Grizzle, 124 Ga. 735, 53 S. E. 244, the foregoing prayer for removal is hereby refused."

The company then filed a bill in equity in this court. This bill, as amended, alleges that the action in the state court involved a separable controversy, and that J. F. Bailey is a sham defendant, illegally and improperly joined, because he is a resident of Georgia, for the sole purpose of defeating the jurisdiction of the Circuit Court of the United States. The complainant, therefore, prays that M. R. Bailey be enjoined from further prosecuting any proceedings in the city court. A temporary restraining order, with rule to show cause why the same should not be made permanent, was granted. The defendant in this bill, who is the plaintiff in the state court, contends that, as J. F. Bailey was an employé of the company at the time of the injury, they are both jointly liable for the alleged tortious act, and, as there is no separable controversy removable to this court, that the injunction must be denied. He insists that he had the option of suing either Bailey or the company severally, or of suing them jointly, and, having elected the latter, the court is concluded by the pleading.

Now the statute requires that, upon the filing of the petition for removal and giving of bond, "it shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit." While this is true, in order to accomplish the removal, "the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal." Stone v. South Carolina, 117 U. S. 432, 6 Sup. Ct. 799, 29 L. Ed. 962. In determining that question, issues of fact raised by the petition are cognizable solely by the Circuit Court to which the cause is sought to be removed. Kansas City, etc., R. Co. v. Daughtry, 138 U. S. 303, 11 Sup. Ct. 306, 34 L. Ed. 963. But if it be solely a question of law whether, admitting the facts stated to be true, it appears on the face of the record that the

petitioner is entitled to remove, this may be decided by both the state and the Circuit Court. 4 Fed. St. Ann. p. 364; Burlington, etc., R. Co. v. Dunn, 122 U. S. 513, 7 Sup. Ct. 1262, 30 L. Ed. 1159; Springer v. Howes (C. C.) 69 Fed. 849. The question of jurisdiction is here raised, not directly by plea or motion to remand, but collaterally by a bill for injunction, nor does it appear, in determining the right of the complainant to relief, that this court is bound by any order of the state court denying the removal. The language of the statute is clear that, upon filing the petition and giving bond, the law itself consummates the removal to the circuit court, unless subsequently that court dismisses or remands the cause, irrespective of any order or action of the state court. Birdseye v. Shaeffer (C. C.) 37 Fed. 821; Noble v. Mass. Ben. Ass'n (C. C.) 48 Fed. 337. As stated in Wilson v. Western Union Tel. Co. (C. C.) 34 Fed. 561:

"The denial by the state court of the petition of the defendants for removal of the action in no respect affects the jurisdiction of the Circuit Court of the United States, if the action was removable and the bond offered was such as the statute required. The statute makes the removal on the filing of the petition with the necessary bond."

The authorities are clear that a refusal by the state court to grant an order of removal does not affect the jurisdiction of the national court. Stone v. South Carolina, supra. In Brigham v. Thompson Lumber Co. (C. C.) 55 Fed. 881, it was held:

"So far as the question of removal goes, and the jurisdiction to be acquired thereby by the United States Circuit Court, it is of little moment what the order or decision of the state court may be. The jurisdiction of the United States court will always depend upon a compliance or noncompliance with the law of Congress in force at the time, and not in any measure upon the decision of the state court. Neither an order refusing nor an order granting the removal can affect the jurisdiction of the Circuit Court."

Obviously then, it is the duty of this court, with the utmost respect for the judgment of the state tribunal, to determine all questions affecting its own jurisdiction. Particularly is this true where the question arises from the allegations of an independent bill, and those allegations create issues of fact as well as of law.

The rule to be applied in deciding whether a controversy be separable is expressed by the Supreme Court in Fraser v. Jennison, 106 U. S. 194, 1 Sup. Ct. 174 (27 L. Ed. 131), as follows:

"There must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, with all parties on one side of that controversy citizens of different states from those on the other."

The petition, which is in the usual form under the practice of this state, alleges that the petitioner was working under a certain car, removing and replacing sills, and his work had been almost completed, "when the said J. F. Bailey came to said car, and, without notice or warning to petitioner, placed a jack under said car at the end opposite to where petitioner was working, and raised the same while petitioner was under the car. He raised the said car by the use of said jack, and removed the two stands and blocks thereon which supported said car at that end." It is also alleged that by reason of the

insecure placing of the jack the car began to fall down, that petitioner then made a rush to get from under the car, and "in doing so his foot was caught under a scantling which was being used to detach the said sills from the flooring of said car, whereby he was thrown headlong to the ground, his left knee striking a piece of iron belonging to said car which was lying upon the ground." For the resulting injuries, he charges in his petition that J. F. Bailey and the Atlantic Coast Line are jointly liable for concurrent negligence, and claims that there is no separable controversy.

The weight of authority upon the principle here involved is expressed by Creagh v. Equitable L. Assur. Soc. (C. C.) 88 Fed. 1, in the following language:

"When a master is made liable for the negligent or wrongful act of his servant, solely upon the ground of relationship between them, and the application of the rule respondeat superior, and not by reason of personal participation in the negligent or wrongful act, he is liable severally, and not jointly, with the servant."

The learned Circuit Court continues:

"I consider it a logical sequence from this rule that, although the master and his delinquent servant be named as codefendants in such an action, the complaint shows affirmatively that there is no joint liability, and that either defendant may properly claim that there is a separable controversy between himself and the plaintiff."

See, also, Helms v. Northern Pacific R. Co. (C. C.) 120 Fed. 389; Prince v. Illinois Cen. R. Co. (C. C.) 98 Fed. 1; Gableman v. Peoria, etc. (C. C.) 82 Fed. 790. It is true that the Supreme Court of the United States, in Chesapeake, etc., R. Co. v. Dixon—Chief Justice Fuller loquitur—179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, has held that, when concurrent negligence on the part of a railroad company and its employé was charged, the liability of the defendants was joint, the cause of action entire, and the controversy was not separable as matter of law. That case, however, is very clearly differentiated from the one at bar. Here the language of the petition is as follows:

"Said injury was caused by the joint and concurrent negligence of said Atlantic Coast Line Railroad Company and said J. F. Bailey in raising said car while petitioner was working under the same, and by removing said stands while petitioner was working under said car, and using and placing said jack in such manner as to permit it to fall, the falling of said car and the consequent injury to your petitioner being the direct consequence of said negligent acts. Petitioner specifies each of said acts as negligence, and alleges them to be the proximate cause of his injury."

Negligence or liability is not necessarily joint merely because the pleader so charges it in term. The deduction of joint negligence must be based upon specific facts in the petition which justify it. It is nowhere alleged how or when the company participated in the negligence or caused the injury. There is no logical construction of the above language, taken in connection with other paragraphs, than that J. F. Bailey alone committed the alleged tort, and the company is sought by the pleader to be made liable therefor solely as employer, under the rule of respondeat superior. The supposition from

these averments that the corporation participated in "raising" the car or "placing" the jack would seem somewhat strained. That generality in the description of joint negligence did not exist, however, in Railroad Co. v. Dixon, supra, the case before the Supreme Court, where it was charged:

That the "negligence of the corporate defendant was done by and through its said servants and other of its servants then and there in its employment, and said negligence was the joint negligence of all the defendants."

This appears in the language of the Chief Justice:

"Assuming this averment to be inconsistent with a charge of direct action by the company, it may nevertheless be held to amount to a charge of concurrent action when coupled with the previous averment that (the deceased) was killed while crossing the track at a turnpike crossing, by the negligence of the company and the other defendants in charge of the train. The negligence may have consisted in that the train was run at too great speed, and in that proper signals of its approach were not given; and if the speed was permitted by the company's rules, or not forbidden, though dangerous, the negligence in that particular and in the omission of signals would be concurrent. Other grounds of concurring negligence may be imagined."

The turnpike crossing would make the difference. The deceased met his death in endeavoring to cross the company's tracks. A railroad company owes a duty to the public to run its trains at such points with due caution. This end is secured through its employés by means of rules, and in the company's nonfeasance or misfeasance the Supreme Court very evidently justifies its conclusion that the company concurred in the negligence. Besides, in that case the deceased was not a fellow servant with the engineer and fireman of the train, who were sought to be jointly charged with the company. Here M. R. Bailey and J. F. Bailey were co-employés. Under these pleadings the right of the plaintiff to recover in tort against the latter, if any right exists, is based upon the common law. The right to recover from the company is entirely distinct, and rests solely upon statute. At common law the master was not liable to a servant for injuries committed by a fellow servant; but the Georgia statute has modified the rigor of that rule in the case of railroad corporations.

In all cases it must appear from the facts on the face of the record that each of the defendants is liable on the joint contract or tort alleged. Davis v. Chesapeake, etc., R. Co. (Ky.) 75 S. W. 275. The facts disclosed by this petition state no cause of action against J. F. Bailey. They do not charge that he was under any duty to the plaintiff to tell him that he was going to remove the stands, which caused the falling of the jack and the car. It is not charged that such removal, or the placing of the jack under the car at the opposite end to the plaintiff, was not a proper act, or that Bailey knew that the plaintiff was there. Nor does it appear that the placing of the jack or the removal of the stands was the proximate cause of the injury. This is evident from the language in the petition, "Your petitioner saw the said car begin to move and realized the danger that he was in, and that he would be crushed to death if he remained under the car." There was no injury up to that time, nor would the petitioner under the allegations have been injured at all, except that, in coming

from under the car, "his foot was caught under a scantling which was being used to detach the said sills from the flooring of said car." There is no negligence charged against J. F. Bailey, or the corporation, for leaving the scantling there. The scantling threw Bailey and therefore was the proximate cause of his fall. The injury itself occurred neither from the jack, nor the scantling, but from the presence of a piece of iron "belonging to said car, which was lying upon the ground." The striking of his left knee against this iron caused the alleged injuries for which the plaintiff sues. There is no negligence charged on the ground that the iron was there, or that it was in any improper place, or that Bailey was in any manner responsible for its presence, or under any duty to remove it.

It follows that the petition states no cause of action against J. F. Bailey. For the purposes of this ruling, Bailey is not in the case. As a consequence, it is an action between the plaintiff, M. R. Bailey, and the Atlantic Coast Line Railroad Company, and, as the requisite diversity of citizenship appears on the part of the defendant, it has the right to remove the controversy from the city court of Savannah into this court. The law having effected that removal, the defendant, under the averments of its bill in equity presented to this court, may enjoin the plaintiff if he insists on proceeding further in the state court. This is justified by authority extending as far back as the decision of the Supreme Court in French, Trustee, v. Hay, 22 Wall. 250, 22 L. Ed. 857, where it was held that it is in the power of a Circuit Court of the United States, by appropriate injunction directed to the parties, to restrain them from proceeding in the state court after the cause had been properly removed to the Circuit Court. It is obvious that the familiar maxim, "Æquitas agit in personam," is here applicable. The injunction, of course, will not be directed against any court, but will be effective solely against the party. And where the bill also raises issues of fact, which must be determined upon final hearing, we have no doubt of our power and duty to allow the temporary injunction.

For these reasons, until further order, the defendant, M. R. Bailey, will be enjoined from further proceeding in any manner with his action in the city court of Savannah.