LOCKARD et al. v. ST. LOUIS & S. F. R. CO.

(Circuit Court, W. D. Arkansas, Ft. Smith Division. February 3, 1909.)

1. RAILROADS (§ 394*)—INJURY TO PERSON ON TRACK—ACTION FOR DAMAGES—PLEADING.

The complaint, in an action against a railroad company and the engineer of a train to recover for the death of a person killed on the track, construed, and *held* to state only a cause of action for negligence on the part of the engineer in failing to keep a lookout as required by the Arkansas statute (Kirby's Dig. Ark. § 6607).

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 394.*]

2. REMOVAL OF CAUSES (§ 61*)—SEPARABLE CONTROVERSIES—JOINT OR SEVERAL CAUSES OF ACTION.

Kirby's Dig. Ark. § 6607, which makes it the duty of all persons running railroad trains to keep a constant lookout for persons or property on the track, and provides that "if any persons or property shall be killed or injured by the neglect of any employés of any railroad to keep such lookout the company owning and operating any such railroad" shall be liable in damages, gives a right of action against the company alone and not against the negligent employé; and, since no right of action for failure to keep a lookout exists at common law, the complaint in an action against a railroad company and its engineer to recover for the killing of a person on the track, the alleged negligence being the failure of the engineer to keep such lookout, does not state a cause of action against the engineer, although it may in terms allege the joint negligence of both defendants, and the cause is removable from a state to the federal court by the railroad company if a citizen of another state.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 61.*

Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.]

On Motion to Reconsider Order Remanding Cause to State Court.

Sam Lawrence and F. A. Youmans, for plaintiffs.
B. R. Davidson, for defendant.

ROGERS, District Judge. This case is before me on a motion for a reconsideration of an order remanding it to the state court. When the original motion was before the court, it was decided upon the case of Alabama Great Southern Railway Company v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441. On the motion to reconsider, I gave this case a more careful consideration, and I have examined with much greater care the Thompson Case, supra, and have concluded that the action of the court in remanding this case was an error.

In the first place, an analysis of the complaint shows clearly that the case made upon its face is one of simple negligence, in the failure to keep a lookout, as the statute required, by Daniels, who was the engineer of the train which killed the deceased. The statute under which the case is brought reads as follows:

"It is the duty of all persons running trains in this state upon any railroad to keep a constant lookout for persons and property upon the track of any and all railroads, and if any persons or property shall be killed or injured by the neglect of any employés of any railroad to keep such lookout, the company owning and operating any such railroad shall be liable and responsible to the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

person injured for all damages resulting from neglect to keep such lookout, and the burden of proof shall devolve upon such railroad to establish the fact that this duty has been performed."

That section gives a right of action, to one who is injured in person or property by the failure of those who are running the train, against the company which owns and operates the railroad, for the failure of those running the train to keep a lookout, but it does not give any right of action against the persons who are running the train. This statute is in derogation of the common law. No right of action existed at common law for failure to keep a lookout. The common law only held the railroad company liable for an injury to one trespassing upon its track after the trespasser was discovered by those operating the train, and only then when they were guilty of negligence in not avoiding the injury. The rule of construction is that where the statute is in derogation of the common law it shall be strictly construed, and the provisions of this statute should not be construed to give a cause of action against any one except the railroad company. If it had been the purpose of the Legislature to have given a cause of action against the engineer running the train, it would have been an easy matter to have said so. The Legislature did not say so, and therefore it must follow that it did not intend to give the action. Keeping this in view, this complaint (which is inartistically drawn) in one place charges that it was the duty of the defendants—that is, the railroad company and Daniels, its codefendant and engineer, "to keep a constant lookout for persons upon the said railroad track." It is absurd to say that the railroad company should keep a lookout. The lookout could only be kept by its employés running the trains, and the statute does not require a railroad company to keep a lookout. So, the charge that it was the duty of both defendants to keep a lookout is of no avail, because the statute fixes the duty upon those who are running the train, and there is no concurrent duty upon the part of the defendant railroad company. The charge, therefore, in the complaint that it was the duty of the railroad company to keep a lookout is made futile by the terms of the statute, which in effect negatives any such duty upon the part of the railroad company. So that there was no joint duty growing out of that allegation of the complaint. But there is another allegation in the complaint which charges that the engineer, Daniels, in charge of said train—

"did discover and could by the exercise of ordinary care have discovered, if he had been keeping a constant lookout, as the law requires, William T. Lockard on said railroad track for a distance of 300 yards ahead, and after seeing him, and with the exercise of ordinary care could have seen that the said William T. Lockard was unconscious of the approach of said railroad train, wrongfully, negligently, and carelessly failed and refused to give any danger signals, or to check the speed of the said train so as to avoid injuring him, the said William T. Lockard; but, on the contrary, recklessly, negligently, and carelessly ran the said train on, to, and against him, the said William T. Lockard," etc.

Upon examining this complaint, the court was of opinion that it contained two distinct and contradictory causes of action improperly pleaded and joined, and that it was for the state court to say what

steps should be taken to separate these causes of action and to compel the plaintiff to elect upon which he would rely, because both could not be true; but, upon a more careful and thorough consideration of the subject, I have reached the conclusion that these passages, taken as a whole and in connection with other parts of the complaint, simply intend to state that the said defendants were guilty of negligence, and not that they willfully and intentionally ran the train over the said Lockard after seeing him. The court's mind at the time was influenced by the words "wrongfully, negligently, and carelessly," and the further words "recklessly, negligently, and carelessly," as intending to convey the idea that the act was willful, but these words, and stronger ones, have been construed in like cases to mean nothing more than negligence, and do not mean to charge that the killing was willfully done. C., C., C. & St. L. v. Tartt, 64 Fed. 823, 12 C. C. A. 618.

Giving these words the construction there placed upon them by the Circuit Court of Appeals for the Seventh circuit (and I have concluded the opinion sound upon that subject), the cause of action here stated is one of pure and simple negligence in not keeping a lookout, and therefore running over deceased, William T. Lockard, without seeing him. Viewed from that standpoint, no joint cause of action is stated in this complaint, because the cause of action given by the statute to which I have referred is against the railroad company alone, and not against its employé. The railroad company is simply liable because of the negligence of its servants, under the doctrine of respondeat superior. There are two decisions much more recent than any of those cited by counsel which bear directly on this subject. One is Chicago, Rock Island & Pacific R. Co. v. Stepp et al. (C. C.) 151 Fed. 908, the opinion being delivered by Judge Phillips, but under a statute much more elaborate, but in substance and principle the same as that upon which this action is brought. After discussing the statute, and the decisions on the subject, he says:

"It is scarcely necessary to add that where the petition on its face, as in this case, and the petition for removal, show that the actual relation of the local defendant Collier was that of a mere engineer in the employ of the railroad company, against whom no recovery can be had under the statute on which the action is predicated, the mere subsequent allegation in the petition that 'the defendants' negligently did so is ineffective to prevent the railroad company, a nonresident corporation, from removing the case into this jurisdiction. Gustafson v. Chicago, Rock Island & Pacific Railway Company (C. C.) 128 Fed. 85."

The facts as stated in the opinion are practically the same as those stated in this complaint.

In Atlantic Coast Line R. Co. v. Bailey (C. C.) 151 Fed. 891, Judge Speer, delivering the opinion of the court, says:

The petition, which is in the usual form under the practice of this state, alleges that the petitioner was working under a certain car, removing and replacing sills, and his work had been almost completed—

"when the said J. F. Bailey came to said car, and, without notice or warning to petitioner, placed a jack under said car at the end opposite to where peti-

tioner was working, and raised the same while petitioner was under the car. He raised the said car by the use of said jack, and removed the two stands and blocks thereon which supported said car at that end."

It is also alleged that by reason of the insecure placing of the jack the car began to fall down, that petitioner then made a rush to get from under the car, and—

"in doing so his foot was caught under a scantling which was being used to detach the said sills from the flooring of said car, whereby he was thrown headlong to the ground, his left knee striking a piece of iron belonging to said car which was lying upon the ground."

For the resulting injuries, he charges in his petition that J. F. Bailey and the Atlantic Coast Line are jointly liable for concurrent negligence, and claims that there is no separable controversy.

The weight of authority upon the principle here involved is expressed by Creagh v. Equitable Life Assurance Society (C. C.) 88 Fed. 1, in the following language:

"When a master is made liable for the negligent or wrongful act of his servant, solely upon the ground of relationship between them, and the application of the rule respondeat superior, and not by reason of personal participation in the negligent or wrongful act, he is liable severally, and not jointly, with the servant."

The learned Circuit Court continues:

"I consider it a logical sequence from this rule that, although the master and his delinquent servant be named as codefendants in such an action, the complaint shows affirmatively that there is no joint liability, and that either defendant may properly claim that there is a separable controversy between himself and the plaintiff."

See, also, Helms v. Northern Pacific R. Co. (C. C.) 120 Fed. 389; Prince v. Illinois Cen. R. Co. (C. C.) 98 Fed. 1; Gableman v. Peoria, etc. (C. C.) 82 Fed. 790. It is true that the Supreme Court of the United States, in Chesapeake, etc., R. Co. v. Dixon (Chief Justice Fuller loquitur) 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121, has held that, when concurrent negligence on the part of a railroad company and its employé was charged, the liability of the defendants was joint, the cause of action entire, and the controversy was not separable as matter of law. That case, however, is very clearly differentiated from the one at bar. Here the language of the petition is as follows:

"Said injury was caused by the joint and concurrent negligence of said Atlantic Coast Line Railroad Company and said J. F. Bailey in raising said car while petitioner was working under the same, and by removing said stands while petitioner was working under said car, and using and placing said jack in such manner as to permit it to fall, the falling of said car and the consequent injury to your petitioner being the direct consequence of said negligent acts. Petitioner specifies each of said acts as negligence, and alleges them to be the proximate cause of his injury."

Negligence or liability is not necessarily joint merely because the pleader so charges it in terms. The deduction of joint negligence must be based upon specific facts in the petition which justify it. It is nowhere alleged how or when the company participated in the negligence or caused the injury. There is no logical construction of the

above language, taken in connection with other paragraphs, than that J. F. Bailey alone committed the alleged tort, and the company is sought by the pleader to be made liable therefor solely as employer, under the rule of respondeat superior. The supposition from these averments that the corporation participated in "raising" the car, "placing" the jack, would seem somewhat strained. That generality in the description of joint negligence did not exist, however, in Railroad Co. v. Dixon, supra, the case before the Supreme Court, where it was charged:

"That the negligence of the corporate defendant was done by and through its said servants and other of its servants then and there in its employment, and said negligence was the joint negligence of all the defendants."

This appears in the language of the Chief Justice:

"Assuming this averment to be inconsistent with a charge of direct action by the company, it may nevertheless be held to amount to a charge of concurrent action when coupled with the previous averment that (the deceased) was killed while crossing the track at a turnpike crossing, by the negligence of the company and the other defendants in charge of the train. The negligence may have consisted in that the train was run at too great speed, and in that proper signals of its approach were not given; and if the speed was permitted by the company's rules, or not forbidden, though dangerous, the negligence in that particular and in the omission of signals would be concurrent. Other grounds of concurring negligence may be imagined."

It will be observed that in the case at bar there is no allegation of either joint or concurrent negligence upon the part of the two defendants, and there are no facts stated in the complaint from which any just deduction can be drawn that there was any act of negligence except that of the defendant in failing to keep a lookout. Indeed, it is shown by positive testimony (of the plaintiff's attorney Mr. Sam Lawrence) as follows:

"Q. There was no dereliction on the part of the company itself except through Mr. Daniels? A. No, I reckon not, as I understand the law. I may be wrong about that."

There was, nothing, therefore, alleged in the complaint as to how or when the defendant company participated in the negligence, or caused the injury, and there is no logical construction of the complaint from which any deduction can be had other than that the negligence complained of is that of the defendant Daniels in failing to keep a lookout, and that the company is sought by the pleader to be made liable therefor under the rule respondeat superior. It seems to me that this decision of Judge Speer's is full of common sense and sound law. Both of these decisions were delivered in 1907, after the Thompson Case, supra, and after the case of Wecker v. National Enameling & Stamping Company, 204 U. S. 177, 27 Sup. Ct. 184, 51 L. Ed. 430, which last-named case makes it clear that the Supreme Court did not intend that the Thompson Case, supra, should have as broad a construction as the court placed upon it when it formally ruled upon the motion to remand. In the Wecker Case, supra, the court heard the evidence on the question of fraud, and sustained the jurisdiction of the court upon the merits. In the case at bar, but for the evidence of the witness Lawrence, there would be

no possible doubt as to the duty of the court to retain the case here, because no issue was made in the petition for removal charging fraud, and in the absence of Lawrence's testimony it would have been taken as confessed; but Lawrence testified that he had no idea in joining Geo. Daniels for the purpose of defeating this court of its jurisdiction; that he thought he was jointly liable, and still thinks so. But that does not meet the situation. The trouble is he has not alleged any facts in the complaint showing joint liability, and he has not alleged any joint or concurrent acts of negligence, even as a conclusion of fact or law, and, as heretofore shown, the proper construction of his complaint relieves Daniels under the statute stated, and under the doctrine of respondeat superior, from any liability whatever.

There are two facts which differentiate the Thompson Case, supra, from the one at bar. In the former the suit, so far as the opinion shows, was not brought under any statute; in this case it was. In the Thompson Case the charge was negligence upon the part of the conductor and engineer, who were made defendants with the railroad company, and who had the management and control of the train, for simple negligence upon the part of the employés. In the case at bar the charge of negligence is the "failure to keep a lookout." In the class of cases to which the Thompson Case belongs, the court said that the decisions in England and in this country were in conflict as to whether the servant is jointly liable with the master where the only negligence is that of the servant; but in the case at bar there can be no conflict, for "the failure to keep a lookout" is made actionable against the master only. The result is that the allegation of negligence in this case as against the engineer in keeping no lookout is not a cause of action as against him at all. Why? Because that was not a cause of action at common law, and it is not made so by statute. It follows that there is no cause of action stated against the engineer in any aspect of the complaint. The real cause of action in this suit is one against the railroad company only, in which Daniels is made a party without any semblance of liability, joint or otherwise. It matters not, therefore, whether the intent of the pleader was to make Daniels a party to defeat the jurisdiction of the court or not, since in any event, without reference to the purpose, the complaint states no cause of action as stated against him, and, no cause of action being stated against him, the railroad company had the right to remove the cause against it to this court. In other words, the cause of action is made separable because there is no cause of action stated against Daniels, and could not be under the statute under which this suit was brought. Prince v. Ill. Cen. R. Co. (C. C.) 98 Fed. 1; Helms v. Mo. Pac. Ry. Co. (C. C.) 120 Fed. 389.

The court, therefore, feels that the order heretofore made remanding this cause should be revoked, and the motion to remand overruled. It is so ordered.