## SHAVER v. PACIFIC COAST CONDENSED MILK CO. et al.

### (Circuit Court, D. Oregon. February 27, 1911.)

### No. 3,708.

1. REMOVAL OF CAUSES (§ 49*)—SEPARABLE CONTROVERSY.

Plaintiff sued defendant corporation, a nonresident, and joined S., a resident of the state, in an action for the death of plaintiff's son, alleging that the corporation unlawfully employed deceased to operate an elevator, and that the elevator was not properly constructed and guarded, and also alleging that defendant S. was foreman of defendant corporation and had ordered deceased to operate the elevator. *Held* that, in the absence of an allegation that S. acted by the direction or in the presence of a superior representing the corporation, the complaint did not allege a joint cause of action or liability, so as to deprive the corporation of its right to remove.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*]

2. REMOVAL OF CAUSES (§ 36*)—SEPARABLE CONTROVERSY—PARTIES—WRONGFUL JOINDER.

Where, in an action for wrongful death, plaintiff sued defendant, a foreign corporation, and S., its alleged resident foreman, and on petition to remove the corporation denied that S. was its foreman or representative, and alleged that he did not have charge as such of deceased, or right to direct his movements, and that intestate's death was not due to the joint or concurring negligence of S. and the removing defendant, the joinder was wrongful, and no bar to a removal of the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 79; Dec. Dig. § 36.*

Removal of causes—Separable controversy, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155; Pollitz v. Wabash R. Co., 100 C. C. A. 4.]

At Law. Action by D. J. Shaver, administratrix of the estate of Gilbert Shaver, deceased, against the Pacific Coast Condensed Milk Company and another. On motion to remand. Overruled.

Langley & Langley, for plaintiff.

Williams, Wood & Linthicum and Isaac D. Hunt, for defendants.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BEAN, District Judge.  The motion to remand will be overruled.
I doubt whether the complaint upon its face states a joint cause of action
against the nonresident corporation and Smith.  It is skillfully
drawn, but, omitting the unnecessary verbiage and disregarding the
conclusions of law and the repeated assertions that "the defendants"
did so and so, the facts charged against the defendant corporation are
that it employed the deceased, a lad about 14 years of age, to operate
an elevator, in violation of the act of the Legislature of 1909 (Laws
Or. 1909, p. 103), and that the elevator was not properly constructed
and guarded.  Neither of these facts would make the defendant Smith
liable jointly with his codefendant.  It is not shown that he owed any
duty to the deceased in either regard.  The averment that he was foreman
of the defendant corporation, and ordered and directed the deceased
to operate the elevator, might possibly render him liable under
the statute, a question I do not assume to decide; but, if so, it would
be a separate liability from that of his codefendant, unless he acted
by the direction or in the presence of the master, which is not alleged.
Prince v. Ill. Cent. R. R. (C. C.) 98 Fed. 1; Shaffer v. Union Brick
Co. (C. C.) 128 Fed. 97.  The allegation that "the defendants" did so
and so adds nothing to the charge of negligence actually made.  Chicago,
R. I. & P. v. Stepp (C. C.) 151 Fed. 908; Gustafson v. Chicago,
R. I. & P. (C. C.) 128 Fed. 85; Helms v. N. P. Ry. (C. C.) 120 Fed.
389.

Since the adoption of the so-called state judiciary amendment authorizing
three-fourths of a jury to render a verdict in civil cases, the
temptation to join in personal injury actions a local defendant with a
nonresident to prevent the removal of the cause to this court is so
great as to invite the closest scrutiny as to whether in fact and in law
the action is based on a joint cause of action or merely a simulated
one.  When a party has in fact a joint cause of action against tortfeasors,
his motive in joining them, in the absence of bad faith, is in
fact immaterial, and the cause cannot be removed to this court by a
nonresident defendant; but, as said by Mr. Justice Miller, in Board
of Co. Com. v. K. & P. Ry., 4 Dill. 277, Fed. Cas. No. 502:

"It would be a very dangerous doctrine, one utterly destructive of the
rights which a man has to go into the federal courts on account of his
citizenship, if the plaintiff in the case, in instituting his suit, can, without
any right or reason or just cause, * * * join persons who have not the
requisite citizenship, and thereby destroy the rights of the parties in federal
courts.  We must therefore be astute not to permit devices to become successful
which are used for the very purpose of destroying that right."

In actions of this character, the plaintiff should state the facts upon
which the joint liability is claimed, and not content himself with
a mere general averment that the injury was caused by "the defendants."

Taking the complaint by its four corners, it is doubtful whether on
its face it is sufficient to deprive the nonresident defendant of the
right of removal; but, assuming that it is, the petition for removal
and the accompanying proof show that Smith was not in fact the foreman
or representative of the defendant company, and did not have
charge as such of the deceased, or the right to direct his movements,

and that the death of plaintiff's intestate was not due to the joint or concurring negligence of himself and his codefendant. The joining him as a defendant was therefore wrongful, and amounts to a legal fraud upon this court and the right of the removing defendant, as averred in the petition for removal. Crawford v. Ill: Cen. R. Co. (C. C.) 130 Fed. 395. "While the plaintiff in good faith may proceed in the state courts upon a cause of action which he alleges to be joint," says Mr. Justice Day, "it is equally true that the federal courts should not sanction devices intended to prevent a removal to a federal court where one has that right, and should be equally vigilant to protect the right to proceed in the federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." Wecker v. Nat. Enameling & Stamping Co., 204 U. S. 176–185, 27 Sup. Ct. 184, 188, 51 L. Ed. 430