## SCHERRER v. FOSTER et al.

(District Court, E. D. Illinois. May 8, 1925.)

1. Removal of causes ⊜⟿107(4)—Competent evidence showing defendants not jointly liable must be considered in determining whether case is removable.

Though plaintiff suing two defendants states cause of action on which they are jointly liable competent evidence showing that the cause of action is not one on which defendants are jointly liable, if submitted to the court, must be considered in determining whether case is removable.

2. Master and servant ⊜⟿313—Employer and negligent employee not jointly liable.

Where employer's liability, if any, is under doctrine of respondeat superior, the employer and employee whose negligence caused the injury are not jointly liable.

**3. Removal of causes ⬅⟶36—Employee's action against employee and employer, in which liability, if any, is under doctrine of respondeat superior, held removable to federal court.**

Where plaintiff employee was injured because of negligence of defendant employee, while defendant employee was acting under the orders of defendant employer and within the scope of his employment, so that the employer's liability, if any, was under doctrine of respondeat superior, there was separable controversy rendering the action removable because of diversity of citizenship of plaintiff and employer, since the two defendants were not jointly liable and joinder was legal fraud on employer's right of removal.

At Law. Action by George B. Scherrer against A. J. Foster and the International Harvester Company of America. On motion to remand to state court, after removal from state to federal court. Motion denied.

Kramer, Kramer & Campbell, of East St. Louis, Ill., and Creighton & Thomas, of Fairfield, Ill., for petitioner.

Fowler & Rumsey, of Harrisburg, Ill., and D. A. Orebaugh, of Chicago, Ill., for respondents.

LINDLEY, District Judge. The plaintiff moves to remand to the state court. The motion is submitted upon the declaration and the verified petition to remove. The declaration alleges in the first count "that the defendants employed the plaintiff to aid in raising the wheels of a tractor by means of jackscrews and directed the plaintiff to adjust the jackscrew under the axle; * * * that the defendants, by A. J. Foster, then and there the agent of the said International Harvester Company, * * * without notice or warning to plaintiff, negligently and carelessly wrenched said jackscrew with a violent jerk," resulting in injury to plaintiff's hand. The second count charges "that the defendants, without warning plaintiff, negligently and carelessly gave the jackscrew a sudden jerk" and thereby caused an injury to plaintiff's hand.

The petition to remove alleges that plaintiff and said Foster were and are citizens and residents of Illinois; that the International Harvester Company is a corporation, organized and existing under the laws of the state of Wisconsin, and a citizen of said state, having its principal office and place of business in Milwaukee; that the amount in controversy exceeds $3,000 exclusive of interest and costs; that said Foster was at the time of the alleged accident the servant and employee of the harvester company and in handling the said jackscrew and lever was acting under the orders of his employer and within the scope of his employment; that the liability, if any, arises out of and depends upon the rule of respondeat superior; that as a result of these facts there is no joint liability; and that the joinder of Foster is a legal fraud upon the harvester company intended to prevent it from exercising its right of removal. This petition is supported by positive oath.

[1] Though, in the absence of any evidence controverting the same, the plaintiff's declaration would disclose a joint liability, and though the plaintiff has a right in his declaration to make his own case as to liability (Alabama G. S. R. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147), yet if competent evidence to the contrary is submitted the court must consider the same. Such evidence is submitted by the harvester company in its verified petition, which stands undisputed. From this evidence the court finds that the plaintiff's suit is brought against the two defendants on account of the alleged negligence of Foster while acting as the employee of the harvester company within the scope of his employment and is based upon the doctrine of respondeat superior.

[2] In some classes of cases in the state of Illinois a master and servant may be properly joined as defendants in a tort action, as shown by the case of Republic Iron Co. et al. v. Lee, 227 Ill. 246, 81 N. E. 411. It is, however, held in the case of Herman Berghoff Brewing Co. et al. v. Przbylski, 82 Ill. App. 361, that a judgment cannot be sustained against the master and servant jointly in a case where the master is liable only upon the doctrine of respondeat superior. This is a well-considered case, and many authorities are there cited. The same doctrine is sustained in the case of McNemar v. Cohn, 115 Ill. App. 31–36, and there is no authority in the state of Illinois to the contrary. The Republic Iron Co. Case, supra, is not an authority to the contrary. In the opinion in that case it is stated that the employee, Worker, personally and individually owed the duty to the plaintiff not to give him any negligent order, and that the same duty rested upon the company, and that if a negligent order was given by Worker, it was an affirmative wrong done by him, in violation of a common duty owed by the company and Worker to the plaintiff, and that these facts constituted Worker and the company joint tort-feasors. And in this opinion it is also said: "In this connection a

number of authorities are cited from foreign states and two from the appellate courts of this state as sustaining the proposition that a master and servant cannot be joined as defendants in an action for personal injuries where the master can only be held liable on account of the negligence of the servant with whom he is joined as defendant under the doctrine of respondeat superior. We do not consider those cases applicable here," thereby clearly showing that they were not deciding such a case as we have at bar. Though some jurisdictions do not agree, the law quite generally is in accord with the cases in Illinois. See Warax v. C. N. O. & T. P. R. R. Co. (C. C.) 72 F. 637, Taft and Lurton, Judges; Gustafson v. C., R. I. & P. R. R. Co. (C. C.) 128 F. 85; Creagh v. Equitable Life Assurance Co., 88 F. 1; Schaver v. Pacific Coast Condensed Milk Co., 185 F. 316; Atlantic Coast Line R. R. Co. v. Bailey, 151 F. 891.

[3] It follows from the evidence submitted, it being apparent that there is no joint liability of the two defendants, that there is a separable controversy, and a joinder of the local defendant is a legal fraud upon the harvester company's right to remove. The word "fraud" used in this sense is not used in its popular or ordinary meaning, but signifies the result of plaintiff's, either intentionally or otherwise, joining as party defendant one who cannot under the evidence submitted be jointly liable. As said by the court in Wecker v. National Enameling Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757: "In view of this testimony and the apparent want of basis for the allegations of the petition as to Wettengel's relations to the plaintiff, and the uncontradicted evidence as to his real connection with the company, we think the court was right in reaching the conclusion that he was joined for the purpose of defeating the right of the corporation to remove the case to the federal court."

Nor does the case of Alabama v. Thompson, supra, militate against this conclusion. For in the Wecker Case, the court expressly distinguishes the Alabama Case by saying that there was nothing in that case to suggest an attempt to commit a fraud upon the jurisdiction of the federal court. In the Alabama Case the question submitted to the court arose solely upon the case made in plaintiff's declaration. There was no evidence to the contrary considered. In the latter case, the court found from the affidavits submitted that there could be no joint liability and that therefore the joinder was a fraud. Such is the situation in the present case, and plaintiff is in error in contending that the petition for removal includes only conclusions, for it sets up the facts upon which the liability is based, and it is upon those facts standing undisputed that the court relies and from which it draws its own conclusion that there is no joint liability.

The motion to remand will be denied.