GENUINE PANAMA HAT WORKS, Inc., v. WEBB et al.

District Court, S. D. New York. October 24, 1929.

266

Goldstein & Goldstein, of New York City (S. S. Goldsmith, of New York City, of counsel), for plaintiff.

Cardozo & Nathan, of New York City (Michael H. Cardozo, Jr., and Aristotle Souval, both of New York City, of counsel), for defendant insurance companies.

Richards & Affeld, of New York City (S. S. Schweitzer, of New York City, of counsel), for defendant Webb.

WOOLSEY, District Judge. The motion to remand is denied. The plaintiff is a corporation of the state of New York. The Concordia Fire Insurance Company of Milwaukee is a corporation of the state of Wisconsin. The Royal Insurance Company, Limited, of Liverpool, is a corporation existing under the laws of Great Britain. The defendant Webb, who is now alleged by the plaintiff to be the agent of each of the defendant insurance companies above named, is a citizen and resident of the state of New York.

When the plaintiff first brought this action in the New York Supreme Court for New York County, on or about September 3, 1925, Webb was the only defendant named, and it was claimed that he was the plaintiff's insurance broker. Thereafter, and about March, 1928, the New York Supreme Court, under the very salutary practice there in effect for the avoidance of multiplicity of actions, at the instance of the plaintiff's present attorneys, permitted the filing of an amended complaint, adding the insurance companies as parties.

The case was removed to this court by the insurance companies on or about May 28, 1928. The decision by this court herein, on September 24, 1928, denying a motion to dismiss the case as against Webb without prejudice to its renewal on the trial, has not any bearing on the question before me.[1]

This action, as it is at present set forth in the amended complaint, sounds in contract. The underlying contention herein, as shown by the complaint, is that Webb was the agent of each defendant insurance company, was authorized to write fire insurance policies for each of them, to issue such policies, to make indorsements on and add riders to such policies, and to transfer the coverage of such policies from one location to another location.

[1] This was by memorandum without opinion.

It is alleged that the defendant Webb, acting thus as agent for each of the defendant insurance companies, issued to the plaintiff, a manufacturer of straw hats, two policies of fire insurance on its factory in Beacon, N. Y.; the policy of the Royal Insurance Company, Limited, being dated January 28, 1923, and the policy of the Concordia Fire Insurance Company being dated February 9, 1923; that plaintiff thereafter, having decided to transfer the location of its factory to another place in Beacon, N. Y., so advised Webb; that Webb and each of the defendants made an agreement with the plaintiff to transfer to his new factory the coverage of the policies above mentioned as of January 27, 1924; that, although due notice was given to the defendant Webb that he should effectuate such transfer under the said agreement with the plaintiff, he failed to do so; that the plaintiff moved to his new factory, and on January 27, 1924, a fire of unknown cause occurred there, and destroyed the plaintiff's new premises, together with the contents thereof.

For the loss thus suffered the plaintiff claims damages against the two defendant insurance companies in proportion to the amounts involved in their several insurance policies, and against Webb for the total amount claimed against the other two defendants. The gravamen of the complaint is contained in the last three paragraphs thereof and reads as follows:

"Fifteenth. That notwithstanding said agreement and said request made by plaintiff upon the above named defendants, the defendants herein negligently and carelessly, and in violation of their said agreement to procure a transfer of coverage under said policies of insurance while plaintiff's machinery, furniture and fixtures, equipment and merchandise stock was located in said Caswell Academy Building, wholly failed to procure said transfer of coverage either in whole or in part.

"Sixteenth. That the defendants represented to plaintiff that said transfer of coverage so requested by plaintiff had been duly procured, and that plaintiff relied upon said representation and did not procure any other or further insurance against loss by fire and/or water.

"Seventeenth. That by reason of the premises and solely because of the negligence, carelessness and breach of contract on the part of the defendants and each of them, and without any negligence or fault on the part of the plaintiff, plaintiff has been damaged in the sum of $16,810.84."

By such hermaphroditic allegations the

plaintiff's attorneys apparently seek to infuse into this action an element of tort and have argued this motion on that basis. The allegation that a defendant negligently or carelessly failed to perform his contract does not convert what is really an action on a contract into an action in tort.

I cannot conceive how any claim in tort could be made out in this case against the insurance companies. Every liability must be founded on the breach of a duty. A duty to transfer an insurance cover could only arise out of a contract to transfer it. The plaintiff's attorneys are doubtless well aware of this, but they have apparently endeavored to erect a tort claim on a contract background by the allegations of negligence or its equivalent, above mentioned. Probably they have done this because they fancied that only by such a course of pleading they could keep Webb in the case, and maintain on this motion that the cause of action against him was not separable from the causes of action against the insurance companies.

But recriminatory words sounding in tort, however numerous or however oft-repeated, cannot change the structural essence of a cause of action. On a motion of this kind, I am entitled to look at the real situation which exists, in spite of allegations by the plaintiff of conclusions which are not supported by the underlying facts as shown in the papers before me. Otherwise the right to remove a case to the United States court would be illusory. Scherrer v. Foster (D. C.) 5 F.(2d) 236, 237; Gustafson v. Chicago, R. I. & P. Ry. Co. et al. (C. C.) 128 F. 85, 88.

The real structure of the plaintiff's case, as revealed in the papers before me, is simple. It is that Webb was the agent of each of two known principals with whom the plaintiff claims it made a contract to transfer insurance coverage, and that this contract was not performed, with the result that the plaintiff was damaged in an amount named.

The implications are obvious. Either Webb was authorized to make this contract to change the insurance coverage, and the defendants were bound by his agreement with the plaintiff in that regard, or he was not authorized to make such a contract, and the defendants were not bound by his agreement with the plaintiff. On neither hypothesis does there arise any reason for remanding the case.

If Webb made a contract for known principals, whilst acting within his authority as their agent, he is not personally liable on the resultant contract, and is certainly not a necessary, and probably not a proper, party

to a case against his principals on the contract. Parks v. Ross, 11 How. 362, 374, 13 L. Ed. 730; Oelrichs v. Ford, 23 How. 49, 65, 16 L. Ed. 534; Whitney v. Wyman, 101 U. S. 392, 396, 25 L. Ed. 1050; Hitchcock v. Buchanan, 105 U. S. 416, 417, 26 L. Ed. 1078; Baldwin v. Black, 119 U. S. 643, 647, 7 S. Ct. 326, 30 L. Ed. 530.

If, on the other hand, Webb acted in excess of his authority, and his principals are, therefore, not bound, he may be liable to the plaintiff on a breach of his warranty of authority. Such a liability would, of course, be wholly personal to Webb, and obviously would be separable from the liability of the defendant insurance companies, because it would be inconsistent therewith.

If I am wrong in the very definite views which I have hereinabove expressed, that this is an action in contract, and if a tort action can be spelled out of the complaint herein, the result would not be different on this motion; for the personal liability of an agent or servant for tort is not the same as the liability attributed to his principal therefor under the doctrine of respondeat superior. Warax v. Cincinnati N. O. & T. P. Ry. Co. et al. (C. C.) 72 F. 637, 647; Helms v. Northern Pacific Ry. et al. (C. C.) 120 F. 389, 392–394; Scherrer v. Foster et al. (D. C.) 5 F.(2d) 236, 238; Pangburn v. Buick Motor Company, 211 N. Y. 228, 233, 105 N. E. 423; Frascone v. Louderback, 153 App. Div. 203, 138 N. Y. S. 370; Fedden v. Brooklyn Terminal, 204 App. Div. 741, 743, 199 N. Y. S. 9; Parsons v. Winchell, 5 Cush. (Mass.) 592, 52 Am. Dec. 745; Mulchey v. Religious Society, 125 Mass. 487.

There is not, therefore, in any aspect of this case, any joint liability between Webb and the insurance companies or either of them. Hence the insurance companies had a right to remove this case from the New York Supreme Court, and there is not any reason which necessitates its remand thereto.